F. C. AUSTIN MANUFACTURING COMPANY v. COUNTY OF BROWN.

FILED JUNE 4, 1902. No. 11,642.

Commissioner's opinion, Department No. 1.

1. County Board of Equalization: ANTICIPATING LEVY: LIMIT OF CONSTITUTION AND STATUTE. Under the provisions of section 34, article 1, chapter 18, Compiled Statutes, 1399, it is not unlawful

for a county board, after estimate made and prior to its meeting as a board of equalization, to anticipate the levy for the current year, and contract an indebtedness upon a particular fund within the estimate, although there is at the time no money in the treasury to the credit of such fund for the payment of the indebtedness, if in contracting such indebtedness the board remain within the limits prescribed by the constitution and the statutes.

2. **Action Against County:** CONTRACT OF PURCHASE. In an action against a county to recover the purchase price of certain road machines which have been received and retained by the county, an answer which alleges that at the time the contract of purchase was made there was no money in the treasury to the credit of the proper fund for the payment of the same, fails to state a defense.

3. **Answer.** Answer examined, and *held* not to state a defense.

ERROR from the district court for Brown county. Tried below before WESTOVER, J. *Reversed.*

*A. W. Scattergood, Moses P. Kinkaid* and *Bartlett, Dundy and Martin,* for plaintiff in error.

*E. M. Davisson* and *J. S. Davisson, contra.*

KIRKPATRICK, C.

This is an action brought in the district court for Brown county by the F. C. Austin Manufacturing Company against the county of Brown to recover the sum of $582.58, claimed as balance due on the purchase price of three Austin reversible road machines or graders which plaintiff in error sold to defendant in error. It is disclosed by the petition that on May 24, 1892, plaintiff in error sold and delivered to the county of Brown three Austin reversible road machines at an agreed price of $675, being $225 each. The petition alleged that the machines were reasonably worth said sum; that they had been received and retained by the county and used by it ever since; that in May, 1893, defendant in error delivered to plaintiff in error county warrants for the sum of $225 and interest, being in full payment for one of the three road machines;

that the county had failed, neglected and refused to pay for the other two machines; that plaintiff in error had filed a claim with the county board for the balance due on the contract, which claim the county commissioners rejected; that an appeal had been taken to the district court. Trial was had in the district court, which resulted in a finding and judgment for defendant in error, and the dismissing of plaintiff's petition. From this judgment plaintiff in error brings the case to this court for review.

Many questions are presented and argued in briefs, most of which we do not deem necessary to consider. The principal question raised by plaintiff in error is that the answer filed by defendant in error failed to state any defense, and that plaintiff in error was entitled to a judgment for the amount due upon the pleadings. The answer in question, omitting formal parts, is as follows:

"Comes now the defendant Brown county by E. M. Davisson, county attorney, and in answer to the petition of plaintiff filed herein denies each and every allegation therein contained. Defendant further answering the petition of the plaintiff, alleges the facts to be as follows: During the first part of the year 1892 the board of county commissioners, composed at that time of J. A. Nay, chairman, J. R. Williams and T. A. French, members, negotiated with the plaintiff for the purchase of three road graders at an agreed price of $625; that a committee was appointed of their number to try said graders, and if found satisfactory, to accept the same; no report of said committee was ever made, but it is presumed that they were accepted, as the machines have been in use of the county ever since. In payment of the road graders, the county commissioners, J. A. Nay and J. R. Williams, French being absent from the county at the time, issued to the plaintiffs three promissory notes, which are a part of the files in this case and will not be set out herein. The first one of these notes was paid by warrant on the subsequent levy of the year following, but the other two stand unpaid, and are the basis of the action sued herein.

"At the time this contract was made with the plaintiffs no funds were in the treasury out of which the said sums named in said contract could have been paid, neither had a vote of the people of Brown county been taken, nor had the proposition been submitted at any election for that purpose. That the said notes were on file for a long time with the county board in the original form in which they were given, and that afterwards the plaintiffs herein filed an open account with the board of said defendant county, which said account, together with the notes mentioned, form a part of the records of this action, of selling to that county a batch of said graders."

The substance of this answer is that the county purchased the road machines as set out in plaintiff's petition, accepted them and has used them ever since, and that at the time the contract was made, no money was in the county treasury upon which a warrant could have been drawn. It is very apparent that this answer wholly fails to state a defense. The plaintiff was entitled to a judgment upon the pleadings for the amount due.

Defendant in error bases its contention upon section 34, article 1, chapter 18, of the Compiled Statutes, 1899, which is as follows: "It shall be unlawful for the county board of any county in the state to issue any warrants for any amount exceeding the aggregate of 85 per cent of the amount levied by tax for the current year, except there be money in the treasury to the credit of the proper fund for the payment of the same; nor shall it be lawful for the county board to issue any certificate of indebtedness in any form in payment of any account or claim, nor to make any contracts for or to incur any indebtedness against the county, in excess of the tax levied for county expense during the current year, nor shall any expenditure be made or indebtedness be contracted to be paid out of any of the funds of said county in excess of the amount levied for said fund." Defendant in error contends that inasmuch as the contract was entered into on the 24th day of May, 1892, the tax for that year not having at that time been

levied, and no money being in the county treasury, the contract was absolutely void. We are unable to accept this construction of the statute. By statute it is made the duty of the county board at their meeting in January to make an estimate of the funds necessary to meet the expenses and obligations of the county for the current year. After this has been done the county is not deprived of its right to contract because of the fact that no levy for taxes has in fact been made. The first step in the levy of the taxes, that is, making the estimate, has been taken; and there is no doubt of the authority of the board to anticipate the levy for the current year, remaining within the constitutional and statutory limits, and enter into such contracts as the welfare of the county may require. To accept the construction contended for by defendant in error would be to deprive absolutely the county of the right to contract, even for necessaries, in order to transact the business of the county from the first day of January until the levy of taxes for county purposes the latter part of May of each year, unless money was in the county treasury upon which to draw warrants. This was not the purpose of the legislature, and is not the law. The answer filed by the county failed to allege what the estimate for county expenses in January was; what the levy authorized by statute for the current year would produce; what, if any, indebtedness had already been contracted by the county upon the fund for road purposes or upon the general fund. In this respect the answer wholly failed to state a defense to the cause of action alleged in the petition. It is apparent, not only from the pleadings, but from the agreed statement of facts upon which the case was tried, that plaintiff in error was entitled to a judgment. If defendant in error has a valid defense to the cause of action set up by plaintiff in error, it should, under proper pleadings, be permitted to show such defense.

Having reached a conclusion that the case must be reversed, other questions, including the question of the extent to which the county had a right to contract, will

not be discussed or determined. The judgment of the trial court is wrong, and it is therefore recommended that the same be reversed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

. REVERSED.