F. C. AUSTIN MANUFACTURING COMPANY V. COUNTY OF COLFAX.

FILED JANUARY 8, 1903.   No. 12,491.

Commissioner's opinion, Department No. 2.

1. **Action for Goods:** PURCHASE PRICE: DELIVERY: PROFFER OF DELIVERY. No action can be maintained for the purchase price of goods, unless a delivery or a proffer of the delivery of the same is alleged and proved.

2. **Indebtedness:** COUNTY: CONTRACT: CURRENT YEAR: TAX LEVIED. It is unlawful for the county board of any county in this state to make any contracts for or incur any indebtedness against the county in excess of the tax levied for county expenses during the current year.

ERROR from the district court for Colfax county.   Action for goods sold and delivered.   Tried below before HOLLENBECK, J.   Judgment for defendant.   *Affirmed.*

*George W. Wertz,* for plaintiff in error.

*George H. Thomas, contra.*

OLDHAM, C.

This was a suit to recover from the county of Colfax the sum of $1,200 for the purchase price of a road grader. The account was originally filed with the board of county commissioners and rejected by such board.   An appeal was taken from the order of the board to the district court. New pleadings were filed.   A jury was waived, and the

Syllabus by court; catch-words by editor.

case submitted to the court. The issues were found in favor of the defendant county, and plaintiff brings error to this court.

The facts underlying this controversy, briefly stated, are that in March, 1896, the members of the board of county commissioners of Colfax county entered into a contract with the plaintiff for the delivery on trial of a road grader for the agreed price of $1,200; $200 of which was to be taken by plaintiff in exchange for old graders then owned by the county, and $1,000 was to be paid in three payments from the tax levies of 1897, 1898 and 1899. In pursuance of this alleged contract, a road grader was sent to plaintiff's agent for the purpose of making the trial; but it appears from the evidence that the board of county commissioners was restrained from taking any part in this test by an injunction of the district court at the suit of some taxpayer. Just what disposition was finally made of this injunction we are not fully informed. In any event, no test of the road grader was ever had, and there is no evidence in the record tending to show either an actual or proffered delivery of the road grader to the defendant county. It is elementary that plaintiff would not be entitled to recover for the purchase price of the machine without a delivery or a proffered delivery of it to the county.

It further appears from the record that at the time this alleged contract was entered into the levy for the year 1895 had been wholly and entirely exhausted, and there was no cash on hand against which warrants could be drawn for the purpose of paying for the machine. The alleged contract was therefore an attempt to escape the limitations imposed upon the power of the board of county commissioners by section 34, article 1, chapter 18, Compiled Statutes,* and particularly that portion thereof which says that it shall not "make any contracts for or to incur any indebtedness against the county, in excess of the tax levied for county expense during the current year, nor shall any

*Cobbey's Annotated Statutes, sec. 4452.

expenditure be made or indebtedness be contracted to be paid out of any of the funds of said county in excess of the amount levied for said fund."

It follows that for either of the above reasons the judgment of the district court should be affirmed. We so recommend.

BARNES and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

