THOMAS B. ROBERTS, APPELLEE, V. FRANK THOMPSON ET AL., APPELLANTS.

FILED OCTOBER 22, 1908. No. 15,732.

1. **County Board: POWERS: INJUNCTION.** Except as otherwise provided, the statutes confer upon county boards the duty of looking after the business and property of the several counties; and in the administration of such affairs a court of equity will not interfere unless the county board acts wantonly or fraudulently, or exceeds the limitations placed upon the exercise of such powers.

2. ——: ——: ——. Section 4443, Ann. St. 1907, makes it the duty of the county board to erect or otherwise provide a suitable courthouse and other county buildings to provide suitable rooms and offices for the several courts of record and county officers, and, when the finances of the county will permit, to provide suitable fire-proof safes for the county clerk and county treasurer. *Held*, That the questions of necessity and of the finances permitting it are for the county board to determine.

3. ——: ——: ESTIMATE OF EXPENSES. In making an estimate of expenses required for the county during the current year, a county board may provide for probable expenses, the exact amounts of which are then unknown.

4. ——: TAXATION: LEVY FOR FUTURE EXPENSES. A county board is not authorized to levy taxes to pay the expenses of subsequent years, nor to contract with reference to levies of subsequent years, nor to create an obligation which would bind the county to levy taxes in the future, unless authorized by a vote of the electors.

5. **Injunction: OFFICERS: ILLEGAL DEBT.** In an action instituted by a resident taxpayer, a court of equity will restrain public officers from illegally creating a debt or obligation which must be paid by taxation.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

*Hiram Chase, Herman Freese* and *R. E. Evans,* for appellants.

*Curtis L. Day, contra.*

EPPERSON, C.

The courthouse of Thurston county was, in the opinion of the county commissioners, defendants herein, insufficient for the accommodation of the county officers and the courts, and an insufficient protection of the records against fire. In January, 1908, a resolution was passed by the county board providing that they should enter into an agreement with one Severson to procure by lease additional offices and vaults in what is known as the "Palace Hotel Block" for the use of the county officers and the protection of the records. It is the defendants' purpose to rent said additional office rooms and vaults for a period of five years for the specified rental of $60 a month. The plaintiff herein instituted this action March 2, 1908, and obtained a temporary restraining order which enjoined the defendants, as county commissioners, from entering into a contract of lease for office purposes of any portion of the Palace hotel block, and from disposing of the county courthouse and the fire-proof safes belonging to the county. The defendants appealed from a judgment making the temporary order perpetual.

The courthouse is a frame building built in 1889 at a cost of $1,500. There is no office room therein for the county attorney. The county superintendent and assessor occupy one small room. The county clerk and clerk of the district court occupy one and the same office room, the dimensions of which are 18 by 30 feet, one-half of which is occupied by furniture. The county commissioners also hold their meetings here. There is a very small court room. The county clerk is the only county officer who has fire-proof safes for the protection of his records. On one side and adjoining the courthouse is a frame printing office in which a gasoline engine is operated. Sessions of the district court, and at times sessions of the county court, are held in another building, although with little or no expense to the county. It would seem from these facts that the county board has good reason to take some

steps to provide better offices and better protection of the records against fire.

The plaintiff contends that the financial condition of the county is such that the county board is not justified in now providing the additional offices, and that the contemplated action of the county board is arbitrary and an abuse of discretion. There are outstanding claims and warrants against the county aggregating $25,000. The maximum levy authorized has heretofore been exhausted. However, a part of the 1907 levy was used in reducing the indebtedness. If $720 is expended annually for the payment of rent, there will, of course, be less each year to apply upon the indebtedness. By section 4441, Ann. St. 1907, the county boards of the several counties are given the charge and custody of all real and personal estate owned by the county, the management of the county funds and county business, except as is otherwise specifically provided. Section 4443 makes it the duty of the county board to erect or otherwise provide a suitable courthouse, jail, and other necessary county buildings, to keep such buildings in repair, and to provide suitable rooms and offices for the accommodation of the several courts of record, the county board, clerk, treasurer, sheriff, clerk of the district court, county superintendent, county surveyor, and county attorney (provided the county attorney shall hold his office at the county seat), to provide and keep in repair, when the finances of the county will permit, suitable fire-proof safes for the county clerk and county treasurer. By these statutory provisions the county board is given the power to provide the necessary offices for the use of the county, and, if the finances will permit, to provide suitable vaults for the records of the county clerk and the county treasurer. If funds are not available for the construction of the necessary buildings, or if for any reason the county has not a sufficient building of its own and cannot construct or purchase the same, or if the county board considers it inadvisable to construct or purchase, they may provide offices and vaults or safes

by lease. It is left to the county board to determine what are suitable rooms and offices, and also to determine when the finances of the county will permit suitable fire-proof safes for the county clerk and the county treasurer. Its judgment, however, must be exercised in good faith. The court undoubtedly would have jurisdiction over the county board in the event that it acted wantonly or fraudulently, or exceeded any of the limitations placed upon the exercise of such powers. But, where funds are available which may be expended for one of two or more purposes, the judgment of the county board appropriating such to one legal purpose will not be set aside by the court, although the funds might legally have been expended in the payment of general indebtedness. If the board, acting in the manner authorized, in good faith determine that such available funds should be used in furnishing protection against fire of the records of the county, a court of equity will not interfere. This court has frequently refused to interfere with the administrative or political powers conferred upon county boards. *Howard v. Board of Supervisors*, 54 Neb. 443; *Dodge County v. Acom*, 61 Neb. 376; *Otto v. Conroy*, 76 Neb. 517; *Tyson v. Washington County*, 78 Neb. 211. The county commissioners act in an administrative capacity, and the legislature has conferred upon them the duty of deciding how the affairs of the county shall be managed, and, unless there is a gross abuse of their discretion, or unless they act fraudulently, or contrary to some express provision of the statutes, or beyond some limitation, a court cannot interfere.

It was the intention of the framers of our constitution that in the administrative affairs of the government the courts should not substitute their judgment for that of the administrative officers, although the courts might disagree with them as to what business policies should be adopted. But it is the contention of the plaintiff that the defendants threaten to step beyond the limitation fixed by statute, in that they propose to create a liability for rent where no funds are provided wherewith to meet such ob-

ligation.  Section 4443, Ann. St. 1907, among other things, provides that the county commissioners at their regular meeting in January shall prepare an estimate of the necessary expenses of the county during the ensuing year, the total of which shall in no instance exceed the amount of taxes authorized by law to be levied during that year, including the amounts necessary to meet outstanding indebtedness as evidenced by bonds, coupons or warrants legally issued; and no levy of taxes shall be made for any other purpose or for more than is specified in such estimate at the time levy is made.  Pursuant to this section the defendants in January made an estimate of expenses for the current year and published the same according to law.  Many of the estimated expenses were itemized, but the estimate for rent appears as follows: "Unforeseen expenses, rent, repairing, $5,000."

The plaintiff contends that the said estimate of expenses is void, in that the amount which the board proposes to expend for any of the unforeseen expenses cannot be ascertained.  The statute does not provide that the estimate shall contain a separate statement of each item which it is estimated would be required.  It is not intended by the legislature that the estimate should contain only such items as the county commissioners then knew would be required.  Where the exact amounts of expenditure are known, it is the duty of the board to include such items in their estimate, but, where not known, it is the privilege and the duty of the county board to make a general statement in their estimate sufficient to include probable expenses.  The board undoubtedly stated their estimate as definitely as they could under the circumstances.  They had not at that time contracted to rent the Palace hotel building or any part thereof.  In the opinion of the county commissioners they needed to rent office rooms.  At the time of the regular January meeting they were unable to state the amount of money required for rental during the year.  There is no evidence that the

estimate was made as it was for the purpose of deceiving or defrauding the taxpayers.

Having made an estimate as the initial step toward providing funds with which to pay rent, the county board was authorized to contract with reference thereto. *Austin Mfg. Co. v. Brown County,* 65 Neb. 60. But the estimate was for the current expenses of 1908. The board was not authorized to levy taxes in 1908 to pay the expenses of subsequent years. They had no right to contract with reference to subsequent levies, nor to create an obligation which would bind the county to levy taxes in future years. Section 4452, Ann. St. 1907, provides: "It shall be unlawful for the county board * * * to make any contracts for or to incur any indebtedness against the county in excess of the tax levied for county expense during the current year; nor shall any expenditure be made, or indebtedness be contracted to be paid out of any of the funds of said county in excess of the amount levied for said fund." In *Austin Mfg. Co. v. Colfax County,* 67 Neb. 101, it appears that the county commissioners of defendant county purchased a road grader for a stipulated sum, payable in instalments due in 1897, 1898 and 1899. There, as here, there was no cash on hand against which warrants could be drawn. It was held that the contract was "an attempt to escape the limitations imposed upon the power of the board of county commissioners by section 34, art. I, ch. 18, Comp. St." In principle there is no difference between the contract for the road grader and the contract for rent. Each provides for an expenditure in excess of the funds available. The county commissioners had the power to rent office rooms and fire-proof safes. But in the exercise of this power they were limited to such provisions as the financial conditions of the county would permit. The judgment of the lower court restrained them from renting for any period of time, and must be set aside. There is nothing in the record which would justify the court in restraining the sale of the property belonging to the county. As the defendants propose to rent for five

years, the lower court, under the circumstances of this case, should have enjoined them from entering into a contract extending beyond one year, until such time as the funds available will permit such a contract.

Defendants contend that injunction is not the proper remedy, and that the plaintiff has an adequate remedy at law. It is a well-settled rule that a court of equity will restrain public officers from doing an illegal act which, if consummated, would result in the wasting of public funds (*Solomon v. Fleming,* 34 Neb. 40), or from an illegal disposition of the public money, or the creation of a debt which must be paid by taxation (*Tukey v. City of Omaha,* 54 Neb. 370). A further discussion of this question is unnecessary.

We recommend that the judgment of the district court be reversed and this cause remanded, with instructions to the lower court to modify its judgment as herein suggested.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the lower court is reversed and this cause is remanded, with instructions to the lower court to modify the judgment as recommended.

REVERSED.