MARGARET L. BASS, APPELLANT, V. COUNTY OF SALINE, APPELLEE.

106 N. W. 2d 860

Filed December 23, 1960. No. 34854.

*Steinacher & Vosoba*, for appellant.

*Ach & Ach,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the district court for Saline County dismissing plaintiff's petition on appeal from the partial disallowance of her salary claim by the board of county commissioners of Saline County.

There is no dispute in the evidence. Plaintiff is the clerk of the county court of Saline County. The evidence shows that on September 15, 1959, the county judge of Saline County informed the county board that he had fixed the salary of plaintiff beginning in October 1959, at $225 per month. In October 1959, plaintiff filed her claim for salary in the amount of $225. The county board allowed the claim in the amount of $190 in accordance with a salary schedule established by it on July 1, 1959. The evidence is not disputed that plaintiff was competent and efficient, and that her services as clerk of the county court were reasonably of the value of $225 per month. The sole question is whether or not the county board, under such circumstances, is required to pay the salary of $225 per month as fixed by the county judge.

It is the contention of the plaintiff that the effect of section 23-1111, R. R. S. 1943, authorizes the county judge to fix the salary of the clerk of the county court, provided that such salary is reasonable and not the arbitrary act of the county judge. It is the contention of the county that the county board is authorized to disapprove the action of the county judge in fixing the salary, even though it is reasonable and fair.

Since 1943 section 23-1111, R. R. S. 1943, has provided: "The county officers in all counties shall have the necessary clerks and assistants for such periods and at such salaries as they may determine with the approval of the county board, whose salaries shall be

paid out of the general fund of the county." In 1953 section 23-1114, R. R. S. 1943, was enacted, reading as follows so far as here applicable: "The salaries of all officers, deputies, and employees of the county, excepting the members of the county board and the county judge, shall be fixed by the county board at least sixty days prior to the closing of filings of certificates of nomination to place names on primary ballot for the respective offices; * * *." It is clear from the reading of these two sections of the statutes that they were in conflict in regard to the fixing of salaries of employees in county offices.

In 1955 the Legislature resolved that conflict by amending section 23-1114, R. R. S. 1943, to read as follows: "The salaries of all elected officers of the county, excepting the members of the county board and the county judge, shall be fixed by the county board at least sixty days prior to the closing of filings of certificates of nomination to place names on the primary ballot for the respective offices; * * *." It will be observed that the word "employees" was omitted from section 23-1114, R. R. S. 1943, as it was amended in 1955. A subsequent amendment of this section in 1959 did not change the act so far as pertinent here. It is fundamental that there can be no such office as a deputy county judge, such an office being unknown to the law, and consequently the provisions of statute relating to deputies have no application to the case at bar. 30A Am. Jur., Judges, § 29, p. 18. For the purposes of section 23-1111, R. R. S. 1943, a county judge is a county officer.

The following rules of statutory construction are applicable here. Statutes pertaining to the same subject matter should be construed together. Such statutes, being pari materia, must be construed as if they were one law and effect given to every provision. Mueller v. Keeley, 163 Neb. 613, 80 N. W. 2d 707; Sun Ins. Co. v. Aetna Ins. Co., 169 Neb. 94, 98 N. W. 2d 692. In

enacting a statute the Legislature must be presumed to have knowledge of all previous legislation upon the subject. Sun Ins. Co. v. Aetna Ins. Co., *supra*. The intent of the Legislature is expressed by omission as well as by inclusion. Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409; Johnson Fruit Co. v. Story, *ante* p. 310, 106 N. W. 2d 182. Where general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. State ex rel. Strom v. Marsh, 162 Neb. 593, 77 N. W. 2d 163. County commissioners possess no powers except such as are expressly granted or are incidentally necessary to carry such powers into effect. Ahern v. Richardson County, 127 Neb. 659, 256 N. W. 515.

Applying the foregoing rules of statutory construction, it is clear that the fixing of salaries of employees in county offices is the duty of the various county officers. It was therefore the duty of the county judge of Saline County, under section 23-1111, R. R. S. 1943, to fix the salary of the clerk of the county court.

The Legislature saw fit, however, to limit the authority of the county judge by the use of the words "with the approval of the county board." The primary issue here is the meaning to be given to this limitation. The limitation clearly does not mean that the county board could whimsically or arbitrarily ignore the fixing of the salary of the clerk of the county court by the county judge. To so hold would have the effect of investing the county board with full power to fix salaries of employees in county offices contrary to the expressed intent of the Legislature, and render nugatory the provision of section 23-1111, R. R. S. 1943, granting such authority to county officers.

The word approval generally means to ratify or sanction, but its meaning in a statute may vary in accord-

ance with the sense in which it was intended to be used. See State ex rel. Johnson v. Tilley, 137 Neb. 173, 288 N. W. 521. Its meaning as used in section 23-1111, R. R. S. 1943, has not heretofore been before this court. Similar provisions have been before this court and provisions almost identical have been before the courts of other jurisdictions. We shall examine the reasoning of these cases to determine the meaning intended by the statute before us.

In State ex rel. Johnson v. Tilley, *supra,* the court had before it the meaning of an appropriation bill providing a highway cash fund for the Department of Roads and Irrigation, containing a provision that "not more than the sum of $9,200, to be expended under the direction of the attorney general and subject to the approval of the state engineer, for salaries and office maintenance in the office of the attorney general." The Attorney General filed a claim for the month of July 1939, which the State Engineer refused to approve. In sustaining the claim of the Attorney General this court said: "The amount of work involved in rendering the services and the proportionate charge that should be made therefor is a matter peculiarly within the knowledge and the discretion of the attorney general. In the absence of a showing that such charges are unreasonable or unconscionable, his decision as to the allocation of expenditures must be controlling." See, also, Speer v. Kratzenstein, on rehearing, 143 Neb. 310, 12 N. W. 2d 360; Roberts v. Thompson, 82 Neb. 458, 118 N. W. 106.

In Powers v. Isley, 66 Ariz. 94, 183 P. 2d 880, the court had before it statutory language almost identical with that in section 23-1111, R. R. S. 1943. The statute there involved provided: "The salary of the court reporter shall be fixed by the judge of the court, with the approval of the board of supervisors of the county, and paid by the county; * * *." In holding that the board of supervisors exceeded its authority in reducing the salaries of court reporters below that fixed by the

judge, the court said: "The province of the Board of Supervisors in connection with the approval of the salary fixed by the judge * * * is interpreted to be that the Board of Supervisors have the power to approve or disapprove the salary fixed by the judge for the court reporter. That in performing this duty the Board of Supervisors must exercise discretion, but they must act in a reasonable manner and not arbitrarily or capriciously in disapproving such salary. Neither must the judge in fixing the salary act arbitrarily or capriciously or unreasonably. In this particular case plaintiffs allege in their complaint that five judges * * * determined that the proper salary for each of the court reporters * * * should be the sum of $3600, and by proper order so fixed the salary. The same was submitted to the Board of Supervisors. They neither approved or disapproved the salary as fixed by the judges, but arbitrarily proceeded upon their own initiative to reduce the salary fixed by the judges in the sum of $3300. It appears from the allegations of the complaint that the Board of Supervisors exceeded their authority in this particular case." See, also, State ex rel. Kuhlemeier v. Rhein, 149 Iowa 76, 127 N. W. 1079.

We conclude from the foregoing authorities that the statute authorizes the county judge to fix the salary of the clerk of the county court. In so doing he must not act arbitrarily, capriciously, or unreasonably. The limitation placed upon the authority of the judge in fixing the salary of the clerk of the county court to the effect that it should be done "with the approval of the county board" authorizes the county board to approve or disapprove the act of the county judge, but in so acting the county board may not act arbitrarily, capriciously, or unreasonably. In the absence of evidence that the salary fixed by the county judge is unreasonable, capricious, or arbitrary, the county board is without authority to disapprove it.

Since the evidence establishes without dispute that

the reasonable value of the service of the plaintiff as clerk of the county court is $225 per month, the failure of the county board to approve such salary is arbitrary and unreasonable. Under the record before us the plaintiff is entitled to a judgment for the unpaid amount of the salary fixed by the county judge.

The trial court was in error in overruling plaintiff's motion for a new trial. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.