REQUESTED BY: Avery L. Gurnsey, Keya Paha County Attorney
Does the County Board have authority to deny a portion of a claim presented for payment by another elected county official where that portion is for telephone extension cords and touch-tone phones?
Does the County Board have authority to deny a claim presented for payment by another elected county official when the allowance of that claim would result in exceeding the official's entire budget?
No unless the action by the other county official is clearly arbitrary, capricious, or unreasonable.
Yes.
The County Board of Supervisors has the authority to allow or deny claims, but that authority is not without limitation. Neb.Rev.Stat. § 23-106 (Supp. 1980), Neb.Rev.Stat. § 23-109 (Reissue 1977).
Whether the County Board would have authority to deny a claim for touch-tone phones or telephone extension cords, which are specific line item expenses, would depend upon whether the claim was arbitrary, capricious, or unreasonable.
A case on point is Bass v. County of Saline, 171 Neb. 538,543, 106 N.W.2d 860 (1960).
The facts in Bass, supra, are basically that county officials were granted authority under Neb.Rev.Stat. 23-1111
(Reissue 1943), which has the same language as Neb.Rev.Stat. § 23-1111 (1977), to hire clerical personnel at such salary as they might determine `with the approval of the County Board.'
The county judge (a `county official' under § 23-1111) hired a clerk at a salary of $250 per month, even though the County Board had established a salary schedule, prior to the time of hiring, which only authorized payments to the clerk in the amount of $190 per month.
As a result, the Board denied the clerk's claim for $250, and only allowed her the amount of $190, claiming that the phrase `with the approval of the County Board' in 23-1111
gave the Board authority to disapprove the action of the County Judge in fixing salaries, even though the judge's action was fair and reasonable.
The clerk appealed the Board's decision to the District Court, which dismissed her petition.
However, in reversing the District Court, the Supreme Court said:
 The limitation placed upon the authority of the judge in fixing the salary of the clerk of the county court to the effect that it should be done `with the approval of the county board' authorizes the county board to approve or disapprove the act of the county judge, but in so acting the county board may not act arbitrarily, capriciously, or unreasonably. In the absence of evidence that the salary fixed by the county judge is unreasonable, capricious, or arbitrary, the county board is without authority to disapprove it.
In arriving at its conclusion, the court in Bass,supra, refers to the case of State ex rel. Johnson v.Tilley, 137 Neb. 173, 288 N.W. 521 (1939).
The court in Johnson, supra, was confronted with the interpretation to be given an appropriations bill which allowed money to the Attorney General for `salaries and office maintenance,' but subject to the approval of the State Engineer. The Attorney General filed a claim under the bill which the State Engineer refused to approve.
However, in issuing a peremptory writ of mandamus sustaining the Attorney General's claim, the Nebraska Supreme Court said:
 The amount of work involved in rendering the services and the proportionate charge that should be made therefor is a matter peculiarly within the knowledge and the discretion of the attorney general. In the absence of a showing that such charges are unreasonable or unconscionable, his decision as to the allocation of expenditures must be controlling.
It will be noted at this point that both Bass, supra, and Johnson, supra, were concerned with specific claims within general funding allocations: line items.
Applying Bass, supra, and Johnson, supra, generally, it is reasonable to conclude that those cases are limitations on the County Board's authority to exercise the line item veto except in narrowly defined situations where the line item expenditure is `arbitrary, capricious, or unreasonable.'
This conclusion is not in conflict with our Opinion Number 263 of October 27, 1976, wherein we stated in part that elected public officials are delegated a portion of the sovereign power of the state and such powers are not subject to control or regulation by any superior officer or other authority and it is the position of this office that, except
as expressly limited or otherwise provided by statute, an elected county official has the inherent authority to establish policies for, and to regulate the internal management of his own office. See, also, State ex rel. Barneyv. Hawkins, (Mont.), 257 P. 411, 53 ALR 583, ann. p. 595; 43 Am.Jur. 881, Public Officials § 3; and Attorney General Opinion of May 11, 1955, p. 68.
Reading the language in Opinion No. 263, Bass, supra, and Johnson, supra, together, it is apparent that an elected official may regulate expenditures for specific items, within constraints of the official's general allocation, and free from interference by the County Board, unless the expenditures are arbitrary, capricious, or unreasonable.
Of course, if the proposed expenditures would exceed the official's entire budget at the time of incurring the liability (such as at the time of contracting), such expenditures could properly be regarded as prohibited. Becker v.County of Platte, 155 Neb. 180, 50 N.W.2d 814 (1952); Neb.Rev.Stat. § 23-916 (Reissue 1977). And a county board would certainly not be required to allow an expense which was prohibited by statute.
Furthermore, the County Board is prohibited by Neb.Rev.Stat. § 23-132 from paying any further claims when the expenditures have reached 85% of the amount appropriated for the current year.
Note, however, that the limitation imposed by § 23-132
speaks in terms of `aggregate' amounts, and that § 23-916
refers to the `budget' in general. Neither section speaks in terms of specific, or line item amounts and those sections are therefore properly interpreted, especially in light ofBass, supra, and Johnson, supra, as referring to the total budget.
Consequently, a county official could exceed the amount budgeted for a specific or line item and yet not fall under the prohibitions of § 23-132 or § 23-916. Thus, for example, a county official could exhaust all funds specifically designated for telephone expenses, and yet still pay additional telephone expenses from funds within the officials' budget which were designated for some other specific purpose (i.e. office machines) assuming the official's entire budget would not be exceeded.
In conclusion, a County Board must deny a claim when that claim would exceed the budget as a whole.
In those cases where the expenditures would not exceed the county official's budget as a whole, the County Board may not deny the claim for that expenditure absent evidence that the expenditure is arbitrary, capricious, or unreasonable, even though the expediture may exceed a line item allocation.
Assuming, then, that an expenditure for general telephone services would not cause the county official to exceed that official's entire budget, the County Board is without authority to deny a claim for that expenditure, since that expenditure would probably be regarded as necessary for the official to effectively discharge the duties of his or her office, and would not be arbitrary, capricious, or unreasonable.
Assuming that an expenditure for touch-tone phones and extension cords would not exceed the official's entire budget, the County Board is without authority to deny the claim for touch-tone phones and telephone extension cords unless there is sufficient evidence to conclude that such an expenditure is arbitrary, capricious, or unreasonable in light of the official's particular duties or responsibilities.
Yours truly, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General