REQUESTED BY: Dean Skokan, Dodge County Attorney
1. Once the office of public defender is established pursuant to statute, may it be dissolved by the county board?
2. May the county board, by resolution, impose the additional duty of representing indigent parties in juvenile court proceedings on such a public defender?
1. No.
2. No.
In your first question you ask whether the authority to establish the office of county public defender set forth in Neb.Rev.Stat. § 29-1804 carries with it the authority of a county board to abolish such an office if they become dissatisfied with it or for any other reason wish to abolish the office. While there are no Nebraska cases which deal with your precise question, we believe that the general law throughout the United States is fairly well established to the effect that the entity which creates the office also has the authority to abolish the office. There are a multiplicity of cases from other jurisdictions so holding. See, C.J.S. Counties, §§ 100, et seq., and 56 Am.Jur.2d §§ 238 and 239 and the cases collected thereunder. Am.Jur. sets forth the rule as follows: `Generally speaking, a municipality does not have power to abolish an office created by the legislature, in the absence of constitutional or statutory power to do so. . . . Of course, the legislature may expressly authorize a municipality to abolish nonconstitutional offices.' We believe a similar law would be applicable in the State of Nebraska.
There has been some suggestion that the office is established by action of the county board in adopting an ordinance under § 29-1804. However, we believe that such an argument must fail in the face of the express language used by the Legislature. Section 29-1804 in part provides: `There is hereby created in counties that now have or that shall hereafter attain a population in excess of two hundred thousand inhabitants, and in other counties upon approval by the county board, the office of public defender. . .' The section goes on to provide for the election of a public defender in counties of the specified population class or other counties where the county board has approved the existence of such an office. We believe the plain meaning of the language utilized in the statute is that the elective office of county public defender has been created by the Legislature subject only to a determination by the county board of whether or not such an office is necessary or desirable for the particular county involved. Therefore, the office, we believe, is not created by action of the county board, it is simply granted to the county board to determine whether or not such office is needed until such time as specified population limit has been reached.
This is obviously a recognition by the Legislature that there are a number of counties in the state which do not have sufficient criminal work to justify the existence of such an office. In those counties, the state's duty to provide indigent representation can be more economically met by payment from the county general funds to private attorneys for specific cases rather than for the performing the general duties enjoined upon public defenders by the statutes above referred to. For this reason, it is our opinion that once established, the office of county public defender may not be abolished by action of the county board.
In your second question you ask whether or not a public defenders office once established by the county board may be required by resolution of the county board to represent indigent parties in juvenile proceedings. This question arises of course because public defenders are not statutorily required to represent parties in juvenile proceedings who are indigent. The statutory scheme envisions the representation by public defenders of a variety of individuals, such as persons charged by a complaint, information or indictment, or under arrest or investigation or suspicion of having committed criminal offenses, to represent them in direct collateral or post convictions appeals to state or federal courts, persons who have informations of mental illness filed with county boards of mental health, and indigents charged with misdemeanors punishable by imprisonment.
Obviously, juvenile proceedings do not fit into any of the enumerated categories set forth in the statutory scheme. We recognize, of course, that many counties in the State of Nebraska have adopted, pursuant to this provision, county public defenders statutes. We are informed that almost all, if not all, of the county public defenders currently in existence represent indigent juveniles in juvenile proceedings in counties under their jurisdiction. While they are doing this without a specific statutory direction, we believe that the practice has been long continued and recognized and acknowledged as an existing part of the duties of public defenders in the State of Nebraska. Obviously, if the public defender did not represent such juveniles, the courts would be under a duty to provide some representation for such juveniles. We believe this system appears to be working at the current time. If any problem is perceived it should be brought to the attention of the Legislature.
With respect to your question regarding the authority of a county board to add or delete duties to an elected office of the county, we, of course, must refer you to a variety of cases which have held that counties are creatures of statute and possess no power except that specifically granted by statute. See, Bass v. Saline County, 171 Neb. 538,106 N.W.2d 860 (1961). This office has also issued a number of opinions in the past dealing with the authority of county boards over the functions of county officers. For instance, see Opinions of the Attorney General 1955-1956, page 68, May 11, 1955, an opinion in which we indicated that elective officers of county government have authority to determine the times that their office will be open, the working hours of their employees, and the lack of authority on the county board's part to direct such officers. We can find no statute which authorizes county boards to engage in the activity you suggest, and therefore it is our opinion that they may not do so.
Sincerely yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General