REQUESTED BY: Avery L. Gurnsey, Rock County Attorney Bassett, Nebraska
Can the county provide health insurance benefits to one group of full time county employees, and deny those same benefits to another group of full time county employees?
Yes.
Normally, a county, being a creature of statute, has only such powers as are conferred upon it by statute and necessarily implied for carrying out the express powers.Speer v. Kratzenstein, on reh'g, 143 Neb. 310 at 318.
We need not go into the issue of whether or not the county would have implied powers to provide employees with insurance. Neb.Rev.Stat. § 44-1615 et seq. has expressly given counties the authority to `establish, participate in, and administer plans for the benefit of its employees or its employees and their dependents, which will provide hospitalization, medical, surgical, accident, sickness and term life insurance coverage, or any one or more of such coverages.' Neb.Rev.Stat. § 44-1615 (Supp. 1982).
By the terms of this statute, it is the governmental subdivision, and not the individual office holder, which is given the authority to provide such coverage.
As you know, in the case of a county, the `county board shall manage the county funds and county business except as otherwise specifically provided.' Neb.Rev.Stat. § 23-106
(Supp. 1982).
Such fringe benefits as insurance for employees are generally considered as part of the compensation. By 23-1111, as interpreted by the Supreme Court of Nebraska inBass v. County of Saline, 171 Neb. 538, `it is clear that the fixing of salaries of employees in county offices is the duty of the various county officers' with the approval of the county board which, in so acting, `may not act arbitrarily, capriciously or unreasonably.' See also, Meyer v.Colin et al., 204 Neb. 96.
The Legislature has thus given the county officers by 23-1111
the authority to fix, with the approval of the county board, the salaries generally of the necessary employees who work for such officers; but it has not given the county officers the express authority to include insurance coverage for employees in setting such salaries.
On the other hand, it has expressly given the county, as managed through the county board, the authority to provide such insurance. We think this negatives any implication that the county officers also have the authority to provide insurance for their employees. In any case, they would have to have an appropriation in their office budgets to cover it.
In the statutes authorizing the county to provide insurance, there is no provision which requires it to be offered equally to all employees; nor do we find such a provision elsewhere in the statutes. It is common knowledge that there is a wide variation in the amount of salary paid to the various employees of any governmental unit. So far as we know, no court or statute has ever provided that all salaries or benefits for all county employees must be the same. While it may seem inequitable that in such a matter as hospitalization insurance, all employees are not treated equally, we cannot say that the county board is required to proceed in such a manner.
Is it therefore our opinion that a county, under the management of the county board, has the authority to provide insurance coverage, as outlined above, for county employees and if it so chooses, may provide such benefits to one group of full time county employees and deny those same benefits to another group of full time county employees.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General