REQUESTED BY: Steven J. Mercure, County Attorney Johnson County, Nebraska.
1. Are elected county officials and their employees required to comply with the provisions of a personnel policy adopted by the board of commissioners of that county?
2. In the event an elected county official is temporarily absent from his office because of sickness, pregnancy or disability, is the board of commissioners of said county empowered to withhold the salary of that official during the period of time that official is on sick leave or maternity leave?
1. No.
2. No.
1. The law appears to be well settled that a county board may exercise only those powers which are specifically conferred upon it by the Constitution or by statute, or which may be fairly and reasonably implied as being incidental to the exercise of their constitutional or statutory powers. Report of the Attorney General 1955-56, p. 68; 43 Am.Jur. Public Officers, § 249; State ex rel. Woolridge v.Morehead, 100 Neb. 864, 161 N.W. 569.
Additionally, each county officer is charged with the responsibility of performing certain duties imposed upon him by statute. He therefore possesses such implied powers as are necessary and proper for the efficient performance of those duties and the proper exercise of those powers conferred upon him by statute. Among these implied powers is the power to make such rules and regulations as are necessary for the efficient exercise of the powers possessed.
Therefore, we believe the authority of each county officer to determine the working hours of himself and his employees and the circumstances under which he or his employees might be excused from work is exclusively his. We believe the county board has no specific authority to fix the hours of employment or the circumstances under which a county officer or his employees might be absent with pay from their employment. Report of the Attorney General 1953-54, p. 66; Report of the Attorney General 1955-56, p. 68.
While we are aware of no occasion where the Nebraska Supreme Court has been called upon to directly rule upon this question, they did hold in Bass v. County of Saline,171 Neb. 538, 106 N.W.2d 860, that in the absence of the county officials having set an unreasonable, capricious or arbitrary salary, the county board is without authority to disapprove the salaries set by the county official.
On previous occasions we have specifically been of the opinion that an elected county officer has the authority to determine when his respective offices will be open and the actual working hours of his employees, and that it was the elected officer himself and not the county board who has the authority to determine whether or not an employee shall be retained beyond a particular age. Report of the Attorney General 1955-56, p. 68.
We were also previously of the opinion that it is the elected county official, and not the county board, who determines whether or not his employees may be given additional pay in lieu of vacation leave and who has the authority to designate the length and time of the leave of his employees. Report of the Attorney General 1955-56, p. 184.
Therefore, we are presently of the opinion that while it may be desirable for the county board to establish a personnel policy as a general guideline, compliance with this guideline is generally dependent upon the good faith cooperation of the various elected officials and the county board is without authority to mandate compliance. This of course presupposes that the personnel policy adopted by the particular elected official can be carried out within the limits of the budget allocated him by the county board.
2. With respect to whether or not the salary of an elected county official can be withheld or reduced as a result of his temporary absence from his position due to illness, pregnancy or disability, we believe that question is controlled by the provisions of Article III, Section 19 of the Constitution of the State of Nebraska.
This section provides as is pertinent to this question: `Nor shall the compensation of any public officer . . . be increased or diminished during his term of office. . .' Therefore, we believe that once salary of the elected official has been set it could not be diminished for any reason during his term of office. See also, State v. Hall,129 Neb. 699, 262 N.W.2d 850; State v. Hall, 125 Neb. 236,249 N.W.2d 756.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General