DENNIS VOICHAHOSKE, APPELLANT, V. CITY OF GRAND ISLAND, HALL COUNTY, NEBRASKA, APPELLEE.
231 N. W. 2d 124

Filed June 26, 1975. No. 39799.

Wagoner & Wagoner, for appellant.

Earl D. Ahlschwede, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This is an appeal from an order of the District Court for Hall County, Nebraska, sustaining a motion for sum-

mary judgment filed by defendant, City of Grand Island, to plaintiff's first cause of action in his second amended petition to recover money damages for wrongful discharge from employment. Plaintiff's second and third causes of action contain essentially the same allegations of facts as set out in the first cause of action, but involve and allege other types of damages allegedly suffered by plaintiff as a result of the wrongful discharge from employment.

The facts of the case are that plaintiff was employed as a mechanic in the department of public works of the City of Grand Island since October 9, 1967, and that on December 30, 1971, he married Miss Janice Randolph, who had been employed by the police department of that city since December 7, 1966. Shortly thereafter, the city manager of the City of Grand Island consulted with plaintiff and his wife and requested that one or the other of the parties resign because of their violation of a certain personnel rule of the City of Grand Island. Neither of said parties chose to do so; and, therefore, on January 5, 1972, the city manager wrote to plaintiff advising him that he had been dismissed from public employment by the City of Grand Island for conduct prejudicial to the public interest, under Item J, page 22A, of the Personnel Rules, City of Grand Island, which had been adopted on or about December 13, 1971. The rule above referred to states: "2. Acts or conduct prejudicial to the public interest include:  * * *J. Changing status, by marriage or otherwise, which would result in more than one person in a household being on the payroll of the City of Grand Island."

Plaintiff thereafter requested reinstatement, and was refused. He then commenced this action. In his petition, plaintiff alleges, among other things: "That Item J, Page 22A, Personnel Rules, of the City of Grand Island, insofar as the same pertains to change of status by reason of marriage, is violative of the Plaintiff's rights guaranteed by the Constitutions of the United

States and the State of Nebraska, in one or more of the following particulars: 1. That it violates the Constitutionally protected right to equal protection and that it discriminatorily prohibits employment of a class of persons, to-wit: Spouses of city employees. 2. That it violates the right of privacy guaranteed by the 9th Amendment to the Constitution of the United States, in that it interferes with the marriage relationship, a constitutionally protected penumbra within the purview of · the 9th Amendment, and in which the Defendant City of Grand Island has no overriding interest."

Defendant city filed its answer in the foregoing action, alleging among other things "that plaintiff was advised of defendant's personnel policy and rule concerning more than one person in a household being on the payroll of the City, before his marriage to Janice Randolph, and therefore, had knowledge of the policy and rule; that Janice Randolph was advised of the same personnel policy and rule prior to her marriage to plaintiff, and therefore, she had knowledge of the policy and rule; that plaintiff assumed the risk of separation from employment by the defendant City because of his own action and therefore brought the result upon himself through his own action." As previously stated, the defendant thereafter filed a motion for summary judgment, and a hearing was held thereon on June 27, 1974. On August 14, 1974, the District Court entered its order sustaining the motion, rendered judgment for the defendant, and dismissed plaintiff's first cause of action. The court in its order specifically found "that there is no genuine issue as to any material fact in the plaintiff's first cause of action of his second amended petition, and that the defendant is entitled to a judgment as a matter of law." It is from that order that the plaintiff has appealed to this court. For reasons hereinafter stated, we reverse and remand the cause to the District Court for further proceedings.

We must determine in this case not only whether

a personnel rule prohibiting more than one person in a household being on a city payroll is constitutionally valid; but also whether, in the instant case, that determination may be made in a ruling on a motion for a summary judgment, where additional evidence and facts may be necessary to finally determine the constitutionality or unconstitutionality of such a rule. We also point out at the outset that this case does not involve any claim of discrimination on the basis of sex, as the rule in question, by its terms, is applicable to both men and women. It merely prohibits more than one person "in a household" being on a city payroll. Therefore the citations of cases involving "sex discrimination" are not pertinent.

There is no dispute, and the parties are in agreement, that there is no constitutional right to public employment. Nebraska Department of Roads Employees Assn. v. Department of Roads, 189 Neb. 754, 205 N. W. 2d 110 (1973); Gossman v. State Employees Retirement System, 177 Neb. 326, 129 N. W. 2d 97 (1964); State ex rel. Fischer v. City of Lincoln, 137 Neb. 97, 288 N. W. 499 (1939); Armstrong v. Howell, 371 F. Supp. 48 (Neb., 1974). The difference of opinion between the parties concerns itself with the right to terminate such employment, and under what conditions it may be terminated.

This court has previously indicated that a public employee may be summarily dismissed. Nebraska Department of Roads Employees Assn. v. Department of Roads, *supra.* In Gossman v. State Employees Retirement System, *supra,* this court stated: "It is clear that State employment is not a vested right, but it is extended at the will of the State, and the State may reasonably make a mandatory retirement system as a condition of such employment, and if this be so, it follows that the State has a right to impose such conditions as are economically and practically sound. And, in responding to such imposed conditions, the employees have the alternative of accepting such conditions and complying with the con-

ditions that are found in the Act or finding work elsewhere." See, also, Armstrong v. Howell, *supra*. However, it is also well established that there is a limitation on the types and kinds of conditions which may be imposed upon public employees. The theory that public employment which may be denied altogether may be subjected to *any* conditions regardless of how unreasonable has been uniformly rejected. Keyishian v. Board of Regents, 385 U. S. 589, 87 S. Ct. 675, 17 L. Ed. 2d 629 (1967); Pickering v. Board of Education, 391 U. S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968). It is clear that one may not be dismissed from public employment in a manner which is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In Armstrong v. Howell, *supra*, the court pointed out recognized limitations on the right to discharge a government employee, stating: "Many government employees are under civil service and some under tenure. Absent these security provisions a public employee has no right to continued public employment, except insofar as he may not be dismissed or failed to be rehired for impermissible constitutional reasons, such as race, religion *or the assertion of rights guaranteed by law or under the constitution*." (Emphasis supplied.) To the same effect see Perry v. Sindermann, 408 U. S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972); Board of Regents v. Roth, 408 U. S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Freeman v. Gould Special School Dist., 405 F. 2d 1153 (8th Cir., 1969); Town of Milton v. Civil Service Commission, 312 N. E. 2d 188 (Mass., 1974); Keyishian v. Board of Regents, *supra*; Pickering v. Board of Education, *supra*. Plaintiff contends that his dismissal based on marriage alone is a violation of a fundamental constitutional right, and hence was done for an impermissible constitutional reason.

It seems clear that the personnel rule involved in this case establishes a system of classification which must be examined to determine its validity under the Equal

Protection Clause of the United States Constitution. In 1939, the Supreme Court of Massachusetts had occasion to consider a proposed legislative bill similar to the city rule under consideration in this case. The proposed act provided: "A husband and wife shall not at the same time be employed in the service of the commonwealth." That court held the bill differed from certain other bills of similar nature considered by the Massachusetts Senate and House of Representatives in that it was equally applicable to both married men and women; but pointed out: "It does discriminate, however, between a particular class of married persons and all other persons married or unmarried, * * *." In re Opinion of the Justices, 303 Mass. 631, 22 N. E. 2d 49, 123 A. L. R. 199 (1939). The rule is well established that where a classification impinges upon fundamental freedoms protected by the Constitution, such classification must, under the Equal Protection Clause, be not merely rationally related to a valid public purpose, but necessary to the achievement of a compelling state interest. Shapiro v. Thompson, 394 U. S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969); Dunn v. Blumstein, 405 U. S. 330, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972); Eisenstadt v. Baird, 405 U. S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972).

The United States Supreme Court has made it abundantly clear that the right to marry underlies the purposes of the Constitution, although not mentioned therein, and is a fundamental right afforded protection by the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Meyer v. Nebraska, 262 U. S. 390, 43 S. Ct. 625, 67 L. Ed. 2d 1042 (1923); Skinner v. Oklahoma, 316 U. S. 535, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942); Loving v. Virginia, 388 U. S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967); Boddie v. Connecticut, 401 U. S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971); Cleveland Board of Education v. LaFleur, 414 U. S. 632, 94 S. Ct. 791, 39 L. Ed. 2d 52 (1974); O'Neill v. Dent, 364 F. Supp. 565 (E.D. N.Y., 1973). It is clear that the personnel rule

involved herein establishes a system of classification of employees which is based upon and affects the exercise of a fundamental right, i.e., the right to marry. Therefore, under the rules previously stated, the personnel rule in question can only be sustained if it promotes a compelling governmental interest.

In the case of O'Neill v. Dent, *supra,* the court struck down a regulation of the Merchant Marine Academy prohibiting cadets at that institution to be married. In that case, the court reiterated the well-established rule that marriage is a fundamental right, and took evidence as to whether the regulations of the academy were necessary to promote a compelling governmental interest. The court also held that the Merchant Marine Academy had the burden to prove that the regulations were necessary for that purpose. After hearing the evidence, the court concluded that there was no compelling governmental necessity for Merchant Marine Academy regulations prohibiting cadet marriages, and that the interference with the cadet's fundamental right to marry violated the cadet's right to due process. That case, of course, is not binding upon this court as a precedent which we are obliged to follow, but the logic and reasoning of parts of the opinion in that case are persuasive. See, also, Bell v. Lone Oak Independent School Dist., 507 S. W. 2d 636 (Tex. Civ. App., 1974).

As previously stated, this case was disposed of by the trial court on a motion for summary judgment filed by the defendant. That motion was sustained. The rule is that a summary judgment may be granted only where there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. § 25-1332, R. R. S. 1943. As stated above, it is clear that the personnel rule with which we are concerned can only be sustained if it is established there is a compelling governmental interest for so doing, clearly a higher standard than that ordinarily required to sustain the validity of a classification established by law. Since

there is an issue as to whether or not there is a "compelling governmental interest" under the facts of this case, sufficient to sustain the validity of the personnel rule in question, this becomes a question of fact, and requires evidence for its resolution. Therefore, it would appear that the summary judgment herein is not justified and must be reversed. However, the defendant should have an opportunity to present evidence in support of its contentions that there is a compelling governmental interest involved, as was done in O'Neill v. Dent, *supra*. Some of the elements which may be considered by the court in making this determination are set out in Johnson v. State of Minnesota Civil Service Department, 280 Minn. 61, 157 N. W. 2d 747 (1968), where the court stated: "The numerous cases which have considered the problem indicate that to meet the requirements of reasonableness it must be shown not only that the restriction is not arbitrary or discriminatory but also that it serves a manifest public interest by protecting against a clear, substantial, and direct threat to the efficiency, integrity, morale, and discipline of state employees and the merit system under which they are recruited, their performance evaluated, and their tenure assured. * * * The burden rests upon the State to show a compelling public need to protect substantial public interest. See, Thornhill v. State of Alabama, 310 U. S. 88, 60 S. Ct. 736, 84 L. Ed. 1093."

In view of what we have stated above, we reverse the judgment and remand the cause for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.