AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, UNIVERSITY OF NEBRASKA AT OMAHA CHAPTER, APPELLEE, V. BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, APPELLANT, UNIVERSITY OF NEBRASKA AT OMAHA COLLEGE OF BUSINESS ADMINISTRATION FACULTY ASSOCIATION, INTERVENOR-APPELLANT.

279 N. W. 2d 621

Filed June 5, 1979. No. 42214.

L. Bruce Wright of Cline, Williams, Wright, Johnson & Oldfather, for appellant. William E. Pfeiffer of Spielhagen, Pfeiffer, Miller & Moore, Associates, for intervenor-appellant.

David J. Cullan of Cullan, Cullan & Morrison, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The Board of Regents of the University of Nebraska (Regents) appeals from an order of the Court of Industrial Relations (CIR) finding and determining that all full time A-line faculty employed by the University of Nebraska at Omaha, including counselors, librarians, and assistant instructors, but excluding intercollegiate athletic coaches and trainers, all persons holding rank of associate or assistant dean or higher, as well as those specific individuals excluded by stipulation as having management duties, constitute an appropriate bargaining unit for collective bargaining purposes. The University of Nebraska at Omaha College of Business Administration Faculty Association also appeals from the order dismissing its petition in intervention.

The Regents contend that the CIR has no jurisdiction over industrial disputes between the Regents and their employees; that the bargaining unit is inappropriate because it includes only employees administratively assigned to the University of Nebraska-Omaha (UNO); and that department chairmen, librarians, academic personnel holding special appointments, assistant instructors, and counselors should be excluded from the bargaining unit.

In a recent case, University Police Officers Union v. University of Nebraska, *ante* p. 4, 277 N. W. 2d 529, decided April 10, 1979, we held that the CIR may acquire jurisdiction of an industrial dispute between the Regents and its employees. The issue was fully considered in that case and the decision in that case is controlling here.

The Regents' contention that the bargaining unit is inappropriate because it includes only employees administratively assigned to UNO presents an issue very similar to that considered and determined in American Assn. of University Professors v. Board of Regents, 198 Neb. 243, 253 N. W. 2d 1, decided April 13, 1977. In that case the Regents contended that the bargaining unit should be a multicampus unit including all university employees holding academic rank. We held that the members of the faculty of the University of Nebraska at Lincoln constituted an appropriate bargaining unit, with separate units for the faculties of the College of Law and College of Dentistry. The contention of the Regents that the members of the faculty at UNO should have been included within the bargaining unit established in that case was rejected.

The factual situation in this case is similar to that involved in the previous case. We believe the principles discussed in that case are applicable here and that a bargaining unit consisting of employees holding academic rank and administratively assigned to UNO is appropriate.

The remaining assignments of error relate to the composition of the unit. The Regents contend that department chairmen should be excluded from the bargaining unit because they are supervisory personnel and a part of management. A similar contention was rejected in American Assn. of University Professors v. Board of Regents, *supra*. In that case we held that where the powers of the chairmen are effectively diffused among the department faculty

pursuant to the principle of collegiality, chairmen should be included within the faculty bargaining unit.

The evidence here is that the department chairmen at UNO are faculty members who serve as chairmen at the pleasure of the dean of the college. To compensate for the additional administrative responsibilities which the chairmen assume, it is customary to reduce their teaching load while they serve as chairmen. In performing their duties, the chairmen consult with the other members of the faculty and, generally, there is little or no disagreement between the chairmen and the faculty of the department concerning recommendations and other decisions which the chairmen make. The evidence sustains the finding of the CIR that chairmen of the department should be included within the faculty bargaining unit.

Although the library at UNO is not a college, it is considered to be an academic unit in some respects. The librarians do not perform instructional duties but their work is related to the teaching and research functions performed by the faculty. To that extent there is a community of interest between the faculty and the librarians. A document, Guidelines for Reappointment, Promotion, and Tenure of Faculty Members of the University Library, has been under consideration at UNO since 1973. We think the record sustains the finding by the CIR that librarians should be included in the faculty bargaining unit.

Academic personnel holding special appointments are members of the faculty who engage in all the normal academic pursuits that other members of the faculty engage in while they are serving at UNO. In some cases their period of service may be of relatively short duration, but others serve for extended periods of time and some become regular members of the faculty. During their period of service the

personnel holding special appointments function in the same manner as regular members of the faculty.

The assistant instructors are members of the faculty with the lowest academic rank. Although assistant instructors are considered to have an interim position, they teach and do research in much the same manner as other members of the faculty. While there is a relatively high turnover rate among assistant instructors, the evidence indicates the assistant instructors are a necessary part of the instructional staff.

There is little in the record concerning the exact nature of the duties performed by the counselors. There is nothing to indicate they are management or supervisory personnel. The title suggests that the counselors work with the students in academic matters, and might be presumed to have some community of interest with the faculty. In the present state of the record we hesitate to interfere with the finding of the CIR.

We conclude that finding of the CIR as to the composition of the bargaining unit is supported by substantial evidence and was not arbitrary or capricious.

The appellee filed its petition in the CIR on January 18, 1978. The appellant filed its answer on February 14, 1978. The case was set for trial on May 18, 1978. On May 16, 1978, 2 days before the date set for trial, the University of Nebraska at Omaha College of Business Administration Faculty Association filed a petition in intervention.

The petition in intervention prayed that the faculty of the College of Business Administration of UNO be designated as a separate bargaining unit. The clerk of the CIR dismissed the petition in intervention because the 20 persons listed in the intervenor's showing of interest was less than 10 percent of the membership in the appellee's claimed bargaining unit as

required by Rule 4 (B) (7) of the CIR. Upon appeal to the determination panel of the CIR the ruling of the clerk was affirmed. The intervenor has now appealed to this court.

The intervenor contends that CIR Rule 4 (B) (7) is illegal and void and that the order dismissing the petition in intervention was contrary to law.

Section 48-812, R. R. S. 1943, provides that, except as modified by the CIR or other provisions of sections 48-801 to 48-823: "* * * proceedings before the court shall conform to the code of civil procedure applicable to the district courts of the state * * *." There is no provision in sections 48-801 to 48-823 relating to intervention in proceedings before the CIR and the record does not show any modification by the CIR except with respect to the showing of interest required by CIR Rule 4 (B) (7) referred to in the order of the CIR and the briefs of the parties.

Since Rule 4 (B) (7) of the CIR does not appear in the record we decline to consider its validity or application to the facts in this case at this time. It would appear that the CIR may require that an intervenor make a reasonable showing of interest. Under the National Labor Relations Act a petition must be supported by a substantial number of employees and this requirement is applied to a cross-petitioner or intervenor seeking approval of a substantially different unit. See Morris, The Developing Labor Law, p. 155; Sanderson and Porter, 100 NLRB 1487; Boeing Airplane Co., 86 NLRB 368.

In view of the result which we have reached in this case, and the strong policy against undue fragmentation of bargaining units in the public sector, it is doubtful that the ruling of the CIR prejudiced any substantial right of the intervenor. In any event, the issue may again be presented to the CIR by the intervenor in a new proceeding.

The order of the CIR is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.