FRED NEVELS III, APPELLANT, V. STATE OF NEBRASKA,
DEPARTMENT OF LABOR, ET AL., APPELLEES.

289 N. W. 2d 511

Filed March 4, 1980. No. 42540.

Noren & Burns, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action by plaintiff seeking reinstatement to his former position as a manpower specialist in the Nebraska Department of Labor. The District Court affirmed the findings and decision of the Commissioner of Labor terminating plaintiff's employment and dismissed the appeal.

The plaintiff, Fred Nevels III, was employed by the Nebraska Department of Labor in August 1971 in the manpower planning program. In February 1975 the manpower planning division was transferred into the comprehensive employment training unit to implement the terms of a federal act. The plaintiff was reclassified and his title changed to manpower specialist III. Plaintiff's supervisor at the time was Eugene Staberg, deputy commissioner of the depart-

ment. In June 1975 Staberg was succeeded by Thomas Erixon, who was plaintiff's supervisor thereafter.

On November 19, 1975, plaintiff received a written memorandum from Erixon advising him of his termination and stating the causes for termination as: (1) Inefficiency, incompetence, and negligence in the performance of duties; (2) failure or refusal to comply with reasonable and proper assignments and instructions; (3) unauthorized or improper use of leave, abuse of meal and rest periods, tardiness, and unauthorized departures from work areas; and (4) inability to maintain satisfactory and harmonious relationships with other employees.

The plaintiff appealed his termination to the Merit System Appeal Board. Hearings were held by the board and evidence was introduced and received. On April 28, 1976, findings were made by the board and the record and the findings and recommendations were delivered to the Commissioner of Labor. The board found that although there was some evidence of inefficiency or incompetence, of failure to follow instructions, and of unsatisfactory relationships with his supervisors, the evidence, in the opinion of the board, did not justify dismissal. The board specifically found there was no discrimination involved. It also found that the plaintiff's inability to accept supervision was the basis of the problem, and that plaintiff had demonstrated a negligent attitude toward his job and the department. The board recommended to the Commissioner of Labor that plaintiff be reinstated, subject to disciplinary action.

On September 15, 1977, after reviewing the evidence and testimony, and the findings and recommendations of the appeal board, the Commissioner of Labor entered his findings and determination. The Commissioner of Labor found that the plaintiff failed to follow outlined procedures as instructed, and that he was inefficient, incompetent, and negli-

gent in the performance of his duties. He also found that plaintiff refused to travel as instructed without advance notice of at least 1 week; that he failed to treat office hours as significant; was found asleep at his desk on occasion; had conflicts with fellow employees on at least two specific occasions; and that he had a total lack of regard for management supervision and instruction. The commissioner determined that the record substantiated the termination of plaintiff's employment.

Plaintiff appealed the decision of the Commissioner of Labor to the District Court for Lancaster County. The District Court determined that the Commissioner of Labor had the power to appoint and remove all subordinate employees in the department, and had the authority to terminate plaintiff's employment. The court also found that the decision of the Commissioner of Labor to terminate the plaintiff's employment was supported by competent, material, and substantial evidence in the record, and was not arbitrary or capricious. The District Court also found that the evidence established that the plaintiff was inefficient, incompetent, and negligent in the performance of many of his duties, and that his employment was terminated for just cause. The District Court dismissed plaintiff's appeal.

The plaintiff contends that he has a property interest in continued employment by the Department of Labor, that his employment cannot be terminated in the absence of just cause, and that his employment was terminated without due process of law.

Article IV, section 1, Constitution of Nebraska, provides in part: "Subject to the provisions of this Constitution, the heads of the various executive or civil departments shall have power to appoint and remove all subordinate employees in their respective departments." This court has said: "It is a settled principle that government employment, in the absence of legislation, can be revoked at the will of

the appointing officer." Nebraska Dept. of Roads Employees Assn. v. Department of Roads, 189 Neb. 754, 205 N. W. 2d 110. We have also recognized that a public employee may not be dismissed or terminated for impermissible constitutional reasons such as race, religion, or the assertion of rights guaranteed by law or under the Constitution. See Voichahoske v. City of Grand Island, 194 Neb. 175, 231 N. W. 2d 124.

The United States Supreme Court has recognized that persons may have constitutionally protected property interests in continued employment stemming from sources other than state law. See, Perry et al. v. Sindermann, 408 U. S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570; Board of Regents v. Roth, 408 U. S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548.

In Bishop v. Wood et al., 426 U. S. 341, 96 S. Ct. 2074, 48 L. Ed. 2d 684, the Supreme Court, in dealing with the employment contract of a municipal police officer, said: "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law. * * * The North Carolina Supreme Court has held that an enforceable expectation of continued public employment in that State can exist only if the employer, by statute or contract, has actually granted some form of guarantee. * * * Whether such a guarantee has been given can be determined only by an examination of the particular statute or ordinance in question."

In the case now before us the plaintiff's claim of a right to continued employment does not rest upon any specific statutory provision. Instead, plaintiff bases his claim of entitlement upon alleged rules or regulations of the Nebraska Merit System, which are not in the record. The alleged rules were not offered or introduced in evidence, nor was there any evidence that the Commissioner of Labor had adopted

any rules or regulations which became an implied part of the employment contract of departmental employees.

Courts have ordinarily refused to take judicial notice of municipal ordinances or internal operating rules of administrative agencies or other courts, and have required a party seeking the benefit of such provisions to plead and prove the existence of the ordinance or rule. See, Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677; Fanning v. Richards, 193 Neb. 431, 227 N. W. 2d 595; American Assn. of University Professors v. Board of Regents, 203 Neb. 628, 279 N. W. 2d 621. Where such rules and regulations do not appear in the record nor in the bill of exceptions in this court, the court will not take judicial notice, nor consider the validity, of the rule or rules or their application to the facts in the case.

We therefore hold that this court ordinarily will not take judicial notice of rules or regulations of a governmental department or agency where such rules or regulations are claimed to form an implied part of a contract of employment. Such rules or regulations must be introduced in evidence and the party claiming under them has the burden of pleading and proving their existence and validity.

Even if it be assumed that implied conditions in the plaintiff's contract of employment required just cause for termination here, the evidence clearly established that he was terminated for cause. On the evidence in the record the plaintiff's employment was terminable at the will of the Commissioner of Labor.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.