STATE OF NEBRASKA, APPELLEE, V. RALPH SURBER, APPELLANT.
380 N.W.2d 293

Filed January 24, 1986.   No. 85-240.

Kurt A. Hohenstein, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant was charged with operating or having actual physical control of a motor vehicle while "under the influence of alcoholic liquor or when he had 10/100ths of one percent or more by weight of alcohol in his body fluids," in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), and with driving a motor vehicle at 66 miles per hour in a 55-mile-per-hour speed zone.

Defendant pled not guilty and, after trial in the county court for Dakota County, was found guilty on each count. He appealed to the district court, where his conviction was affirmed. Defendant timely appealed to this court, assigning as error that the trial court erred (1) in admitting into evidence the

results of defendant's urine test because of lack of foundation; (2) in admitting into evidence the results of field sobriety tests made at the time of his arrest because defendant had requested and had not received tape recordings made by the arresting officer at the time of the arrest; and (3) in determining that the evidence established defendant's guilt beyond a reasonable doubt. We affirm.

On May 30, 1984, at about 10:45 p.m., Trooper Doug Johnson of the Nebraska State Patrol, by use of his radar equipment, determined that defendant was driving 66 miles per hour on a public highway near Jackson, Dakota County, Nebraska, where the speed limit was 55 miles per hour. The trooper stopped defendant for the speeding violation. The trooper testified that as he approached defendant, he smelled the odor of alcohol on defendant's breath, determined that defendant's speech was slurred and confused, and saw that defendant noticeably swayed.

The trooper then requested defendant to perform several field sobriety tests, including reciting the alphabet, counting backwards, and doing several physical operations. Trooper Johnson operated his tape recorder during defendant's performance of the verbal parts of these tests. Defendant filed a motion, before trial, that this tape recording be produced for his examination. The trial court granted this motion, but the recording was not produced by the State.

A later pretrial hearing was held on defendant's "Motion to Suppress Field Sobriety Testimony." Defendant alleged that since a tape recording had been made of a portion of the field sobriety tests and the court had ordered that the tape recording be produced for defendant's examination but the tape could not be produced since it had been "inadvertently destroyed by the State," that, therefore, all evidence relating to the field sobriety tests should be suppressed. The facts as to the tape recording were submitted by agreement of counsel. Those facts were that Trooper Johnson, as well as other officers, was allowed by the Nebraska State Patrol to use his own tape recorder, at his expense, to assist in preparing his reports. Trooper Johnson used his recorder instead of taking written notes, as some other officers did. He would play the recording himself and prepare

his official report. When his report was finished as to any particular incident, Trooper Johnson would not preserve or keep any tapes but, instead, would routinely reuse the cassette tapes at later times in his work. The reason for such reuse was financial, in that the officer did not want to have to purchase the many cassettes necessary if he was to attempt to preserve every recording. The parties are in agreement that, in this case, there was no purposeful destruction of the tapes.

At trial Trooper Johnson testified in detail, using his report, as to defendant's performance of the verbal portion of the field sobriety tests. Defendant objected to that testimony, and the trial court overruled the objection and the trooper was permitted to testify as to the facts in his report.

Defendant's position is that it was prejudicial error to permit Trooper Johnson to testify as to defendant's performance of the field sobriety tests when the recording was not made available to defendant. The two grounds asserted for exclusion of the evidence for failure to produce the tape recording of those tests are (1) that the failure to produce was in violation of the trial court's order and (2) that the destruction of the tape recording was the destruction of evidence which might have been exculpatory to the defendant, and that, therefore, admission of other evidence on the same point violated defendant's rights under the fourth amendment to the Constitution of the United States.

With regard to defendant's contention that the violation of the trial court's discovery order requires exclusion of all evidence of the field tests, Neb. Rev. Stat. § 29-1919 (Reissue 1979) sets out the statutory guidelines as to the effect of a party's failure to comply with a discovery order. Subsection (4) of that statute provides that on determination that a discovery order has not been complied with, the trial court may "[e]nter such other order as it deems just under the circumstances." In *State v. Vicars*, 207 Neb. 325, 334, 299 N.W.2d 421, 427 (1980), we held that § 29-1919 gives the trial court "broad discretion under the circumstances which may exist." In this case the trial court stated that its discovery orders were always conditioned that evidence was to be produced "if available." Here, there was no contention that the destruction of the tape recording was

anything but routine and inadvertent. The recording was not required, by statute or regulation.

Second, under the controlling case law of the U.S. Supreme Court, there was no violation of defendant's fourth amendment rights. Trooper Johnson made the tape recording as preliminary notes for his official report. Defendant had access to the official reports. In *Killian v. United States*, 368 U.S. 231, 242, 82 S. Ct. 302, 7 L. Ed. 2d 256 (1961), the Court stated:

> If the agents' notes . . . were made only for the purpose of transferring the data thereon . . . and if, after having served that purpose, they were destroyed by the agents in good faith and in accord with their normal practice, it would be clear that their destruction did not constitute an impermissible destruction of evidence nor deprive petitioner of any right.

In the case at bar Johnson transferred the information on the recording to a report. There is no evidence of bad faith, nor does defendant so contend. In *Killian, supra* at 242, the Court also stated: "It is entirely clear that petitioner would not be entitled to a new trial because of the nonproduction of the agents' notes if those notes were so destroyed and not in existence at the time of the trial." We hold that the failure of the State to produce an officer's preliminary notes or recordings is not a violation of the fourth amendment to the U.S. Constitution when those notes or recordings are transferred to a report and destroyed as regular practice, so long as such notes or recordings are not destroyed in bad faith. The trial court did not abuse its discretion, under the facts in this case, in determining that the trooper's direct testimony was admissible even though the court's discovery order had not been complied with.

Johnson also testified that in his opinion, based on the field tests and his observations, defendant was under the influence of alcohol and operating a motor vehicle on the highways of Nebraska. That testimony was contradicted by the testimony of defendant's witness, but nevertheless there was sufficient evidence to support the trial court's finding that defendant was guilty of operating a motor vehicle while under the influence of

alcoholic liquor. As we held in *State v. Green*, 217 Neb. 70, 75-76, 348 N.W.2d 429, 432 (1984):

> In determining the sufficiency of the evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it.

Defendant's assignment of error concerning the sufficiency of the evidence to support the conviction is without merit.

Insofar as defendant's assignment of error that the trial court erred in admitting into evidence the results of defendant's urine test because of lack of foundation, that question is not properly submitted for this court's review because a proper record is not before us. Defendant makes references in his brief at 7 to "Title 177 of the Nebraska Department of Health." In the discussions before the trial court, that title was said to have formerly been "Rule 3." Such regulation is not in the record before us, and we are unable to review defendant's allegations that the methods prescribed in that rule were not complied with. We do not take judicial notice of departmental regulations in effect on the date of this incident.

As stated in *Nevels v. State*, 205 Neb. 642, 646, 289 N.W.2d 511, 513 (1980): "Such rules or regulations must be introduced in evidence and the party claiming under them has the burden of pleading and proving their existence and validity." Similarly, in *American Assn. of University Professors v. Board of Regents*, 203 Neb. 628, 633, 279 N.W.2d 621, 624 (1979), we said: "Since Rule 4(B)(7) of the CIR [now Commission of Industrial Relations] does not appear in the record we decline to consider its validity or application to the facts in this case at this time."

This omission does not control the outcome of this case, however. Defendant has been found guilty of driving while under the influence of alcoholic liquor. The evidence supports that finding. It is not necessary that the trial court determine that defendant also had ten-hundredths of 1 percent or more by

weight of alcohol in his body fluid. *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742 (1974); *State v. Wenzel*, 215 Neb. 395, 338 N.W.2d 772 (1983). See, also, *State v. Parker, ante* p. 570, 379 N.W.2d 259 (1986).

No allegation is made on this appeal concerning defendant's conviction of speeding. The judgment of conviction on each count is affirmed.

AFFIRMED.