AMERICAN FEDERATION OF STATE, COUNTY AND MUNCIPAL EMPLOYEES, AFL-CIO, APPELLEE, v. COUNTY OF LANCASTER, NEBRASKA, APPELLANT.

263 N. W. 2d 471

Filed March 15, 1978. No. 41373.

Michael G. Heavican, and William A. Harding of Nelson, Harding & Yeutter, for appellant.

John B. Ashford of Bradford & Coenen, for appellee.

Steven D. Burns, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) is the bargaining agent for the employees of Lancaster County, Nebraska. It commenced this proceeding in the Court of Industrial Relations to obtain an order compelling the defendant County of Lancaster, Nebraska, to bargain with the plaintiff concerning wages, hours, terms, and conditions of employment for employees of the county. The amended petition alleged that 11 negotiating sessions had been held between February 11, 1975, and June 25, 1975, but that the county had refused to bargain on the ground that the civil service statute applicable to Lancaster County, sections 23-2517 to 23-2533, R. R. S. 1943, prevented it from bargaining on matters referred to in the statute.

The case was submitted upon a stipulation of facts in which the parties agreed the basic dispute was over what was negotiable.

The Court of Industrial Relations found that an industrial dispute existed between the parties. The court held, one judge dissenting, that the Court of Industrial Relations Act and the civil service statute applicable to the county should be construed together, and that the parties should be required to bargain on all matters except selection of employees on merit and promotion of employees on merit. The court ordered the parties to complete bargaining within 30 days or bring the dispute to the court for resolution. The county has appealed.

The civil service act was passed in 1974, approximately 5 years after the 1969 amendments to the Court of Industrial Relations Act which authorized public employers to negotiate collectively with their

employees. The county's principal contention is that the civil service act substantially repealed the Court of Industrial Relations Act by implication so far as Lancaster County is concerned.

Repeals by implication are not favored. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable. A construction of a statute which, in effect, repeals another statute, will not be adopted unless such construction is made necessary by the evident intent of the Legislature. City of Grand Island v. County of Hall, 196 Neb. 282, 242 N. W. 2d 858.

A legislative act which is complete in itself, and is repugnant to or in conflict with a prior law, repeals the prior law by implication but only to the extent of the repugnancy or conflict. State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63.

The basic issue in this case is, to what extent, if any, the civil service act repealed the provisions of the Court of Industrial Relations Act. The resolution of this issue requires an analysis and interpretation of the civil service act.

The civil service act, which is applicable to Lancaster County, Nebraska, sections 23-2517 to 23-2533, R. R. S. 1943, establishes a system of personnel administration for the county government. All appointments and promotions made under the act are to be based on merit and fitness.

The act creates a personnel office in the office of the board of county commissioners, with a county personnel officer as its executive head. A personnel policy board of 5 members is established which reviews and makes recommendations to the board of county commissioners on personnel rules and regulations. The policy board also reviews any grievance or case of disciplinary action which is appealed to it by any employee in the classified service.

Two advisory groups, one of classified employees and one of department heads, are created to assist the county personnel officer in preparing proposed personnel rules and regulations for submission to the policy board. The personnel rules and regulations are to provide generally for all matters relating to county employees in the classified service, including a classification plan, a compensation plan, and competitive examinations for appointment and promotion of employees.

The effect of the civil service act is to transfer the control of county employees from the various independent county officers to the board of county commissioners. The county board exercises control through the personnel rules and regulations which it adopts. The policy board is an advisory body only, except in regard to grievance and disciplinary matters. On matters relating to compensation and working conditions, the county board generally may adopt whatever rules it chooses. On matters relating to the appointment and promotion of employees, it is bound by the provisions of the act.

Among the topics included in the package bargaining agreement which was presented by the plaintiff to the defendant were the following: Hours of work, work breaks, holidays, vacations, sick leave, leaves of absence, unpaid leaves of absence, insurance, wages, minimum time payments, overtime, transfers, lay-off and recall, uniforms and protective clothing, severance pay, work rules, and longevity pay. There is nothing in the civil service act which prohibited the county board from bargaining with its employees in regard to these topics. There were other topics included in the package bargaining agreement which were controlled by the civil service act to some extent, such as promotions, discipline, grievance procedure, nondiscrimination, and termination. To the extent that the civil service act contains specific and mandatory provisions relating

to such matters, the county board is not free to bargain. As an example, the act provides all appointments and promotions shall be based on merit and fitness. The county board has no power or authority to bargain or agree that any appointment or promotion shall be based upon anything other than merit and fitness except as provided in the act.

In a case involving somewhat similar issues the Supreme Court of Pennsylvania stated as follows: "The mere fact that a particular subject matter may be covered by legislation does not remove it from collective bargaining under section 701 if it bears on the question of wages, hours and conditions of employment. We believe that section 703 only prevents the agreement to and implementation of any term which would be in violation of or inconsistent with any statutory directive." Pennsylvania Lab. Rel. Bd. v. State Col. A. School Dist., 461 Pa. 494, 337 A. 2d 262. See, also, Sutherlin Ed. Assn. v. Sutherlin School Dist. No. 30, 25 Ore. App. 85, 548 P. 2d 204; Board of Education v. Associated Teachers, 30 N. Y. 2d 122, 331 N. Y. S. 2d 17.

The defendant had no right to refuse to bargain on all the topics contained in the package bargaining agreement which are referred to in sections 23-2517 to 23-2533, R. R. S. 1943, although it may not have been required or permitted to bargain upon some of the topics. Upon the present state of the record it is impossible to do more than generalize in regard to the particular matters that are subject to negotiation.

The order of the Court of Industrial Relations directing the parties to proceed with bargaining was correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent because I believe the majority opinion incorrectly interprets the intent and purpose of the county civil service act. While repeals

by implication are not favored, a statute will be considered repealed by implication if the repugnancy between the new provisions and the former statute is plain and unavoidable. State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63 (1962). That is the situation which exists herein.

A brief review of some of the provisions of sections 23-2517 to 23-2533, R. R. S. 1943, should be sufficient to demonstrate this point.

Section 23-2517, R. R. S. 1943, describes the purpose of the act and says that it shall include policies and procedures for "salary administration, fringe benefits, discharge and other related activities."

Section 23-2525, R. R. S. 1943, describes the method of establishing rules and regulations and says such rules and regulations shall, *inter alia,* provide: "(2) For a compensation plan for all employees in the classified service, comprising salary schedules, hours of work, premium payments, special allowances, and fringe benefits, considering the amount of money available, the prevailing rates of pay in government and private employment, the cost of living, the level of each class of position in the classification plan, and other relevant factors. Initial, intervening, and maximum rates of pay for each class shall be established to provide for steps in salary advancement without change of duty in recognition of demonstrated quality and length of service. * * *

"(15) For establishment of a plan for resolving employee grievances and complaints;

"(16) For hours of work, holidays and attendance regulations in the various classes of positions in the classified service, and for annual, sick and special leaves of absence, with or without pay, or at reduced pay."

The majority opinion renders this language meaningless and effectively reads it out of the statute. I must assume the Legislature, in passing these provisions for counties in the classification of 150,000 to

300,000 population, knew what it was doing. I can only assume it specifically wished to give counties in that classification control over the matters specifically enumerated.

This is well stated by Judge Kratz who dissented from the opinion of the Court of Industrial Relations: "If the Nebraska legislature intended the Court of Industrial Relations Act and the Lancaster County civil service law to work together and in harmony, they should have given the administrators of the law a less (sic) limited function, related mostly to just recruitment, promotion, transfer, and discharge. *(This is what our opinion does.)* They didn't do this. Instead, they authorized rules and regulations for 'a compensation plan for all employees', 'salary schedules', 'rates of pay', 'hours of work,', 'grievances', and 'fringe benefits.' These items constitute wages and conditions, and they were authorized by statute subsequent to the enactment of the law which authorized public employees to bargain for wages and conditions.

"If we now say that application of the civil service law in Lancaster County doesn't include salaries, hours of work, grievances and fringe benefits, we have rendered those words meaningless in this newly enacted law. I am of the opinion that we cannot do this. If the Legislature had wanted to leave salaries, hours of work, and fringe benefits exclusively to collective bargaining, they should not have included them in LB 996.

"Apparently there has been a recent realization of the need for limitation in merit system statutes, but attempts to restrict the application of merit benefits, where benefits have been received through collective bargaining, have failed in both the 1974 (LB 907) and 1975 (LB 229) sessions of the Legislature."

In affirming the majority opinion by two members of the Court of Industrial Relations, this court has

permitted them to do what the Legislature itself on two occasions has refused to do.

I am in violent disagreement with reading these provisions out of the law. The parties should be bound in their negotiations by the statutory duties outlined in sections 23-2517 to 23-2533, R. R. S. 1943, and where the authority granted under those statutes conflicts with the authorization of the Court of Industrial Relations Act, the former should prevail.