REQUESTED BY: Eldin J. Ehrlich, Director Nebraska Department of Public Welfare.
1. Is negotiation precluded on a subject which is covered by statute?
2. Are only those terms and conditions of employment `directly and intimately' affecting employees, which are not covered by statute, negotiable?
1. An employer may not negotiate on a subject which is specifically mandated by statute.
2. To be negotiable a particular subject must meet two criteria. First, the subject must be a `term and condition of employment,' which has been defined as a subject which directly affects the employee's welfare. Second, the subject must not be controlled by a specific statutory mandate.
Your request for an opinion poses two interrelated questions concerning the scope or perimeter of negotiations. To be negotiable, a proposed subject must be a term or condition of employment, under section 48-837, R.R.S. 1943. If a particular subject is so categorized, then the issue posed is whether the subject has been withdrawn or withheld from negotiations due to a competing provision of law.
The standard for determining whether a particular subject is a term or condition of employment has been articulated in various ways. In School District of SewardEducation Assoc. v. School District of Seward, 188 Neb. 772,784, 199 N.W.2d 752, 759 (1972), the court stated:
 ". . . Without trying to lay down any specific rule, we would hold that conditions of employment can be interpreted to include only those matters directly affecting the teacher's welfare. Without attempting in any way to be specific, or to limit the foregoing, we would consider the following to be exclusively within the management prerogative: The right to hire; to maintain order and efficiency; to control transfers and assignments; to determine what extracurricular activities may be supported or sponsored; and to determine the curriculum, class size, and type of specialists to be employed. . . ." (Emphasis added).
In National Education Assoc. of Shawnee Mission, Inc.v. Board of Education of Shawnee Mission Unified SchoolDistrict No. 512, 212 Kan. 741,753, 512 P.2d 426, 435
(1973), the court similarly stated that:
 "The key, as we see it, is how direct the impact of an issue is on the well-being of the individual teacher, as opposed to its effect on the operation of the school system as a whole."
Obviously the above-quoted standards are vague, but it is difficult to be more precise in the abstract. A specific question concerning whether a particular subject constitutes a term or condition of employment should be considered in light of the above general guidelines. If a particular subject constitutes a term or condition of employment, then the issue of whether and to what extent a subject may be excluded from negotiations due to competing legal authority must be considered.
The most definitive Nebraska case considering this issue is A.F.S.C.M.E. v. County of Lancaster, 200 Neb. 301,263 N.W.2d 471 (1978). This case involved an alleged conflict between the Civil Service Act, sections 23-2517, et seq., R.R.S. 1943, and the collective bargaining provisions, sections 48-801, et seq., R.R.S. 1943. Under the Civil Service Act, particularly section 23-2525, R.R.S. 1943, the county board is required to adopt personnel rules and regulations for employees in the classified service concerning many subjects which are terms and conditions of employment, such as hours of work, holidays, sick leave, grievances, etc. The county argued that since these subjects are covered by the Civil Service Act, negotiation was precluded.
The Nebraska Supreme Court disagreed with the county's position and held that the county must bargain on all subjects which are terms and conditions of employment, unless a statute mandates a particular condition. The court stated:
 ". . . To the extent that the civil service act contains specific and mandatory provisions relating to such matters, the county board is not free to bargain. As an example, the act provides all appointments and promotions shall be based on merit and fitness. The county board has no power or authority to bargain or agree that any appointment or promotion shall be based upon anything other than merit and fitness. . . ." Id. at 304-5, 263 N.W.2d at 474. (Emphasis added).
The court went on to quote from Pennsylvania Lab. Rel. Boardv. State Col. L.A. Dist., 461 Pa. 494, 337 A.2d 262 (1975), which states that:
 "The mere fact that a particular subject matter may be covered by legislation does not remove it from collective bargaining under section 701 if it bears on the question of wages, hours and conditions of employment. We believe that section 703 only prevents the agreement to and implementation of any term which would be in violation of or inconsistent with any statutory directive." 200 Neb. at 305, 263 N.W.2d at 474. (Emphasis added).
The rationale employed in A.F.S.C.M.E. v. County ofLancaster, supra, may be interpreted as a rejection of dictum in Seward, supra, wherein the court stated that an employer should not be required to negotiate on matters which are statutory duties. In our opinion, however, the general proposition which emerges from A.F.S.C.M.E. v.County of Lancaster, supra, is that if the employer has the discretion to determine a term or condition of employment, it is negotiable. If a statute mandates a particular condition of employment, a negotiated agreement cannot contradict it.