REQUESTED BY: Holly Jensen, Director Department of Motor Vehicles
DOES THE PRIVACY ACT OF 1974 PROHIBIT THE FURNISHING OF SOCIAL SECURITY NUMBERS TO THE DEPARTMENT OF SOCIAL SERVICES AS PROVIDED UNDER NEB.REV.STAT. § 42-358.08 (CUM. SUP 1986).
QUESTION NO. 2: MUST THE DEPARTMENT OF MOTOR VEHICLES PURSUANT TO § 7(b) OF THE PRIVACY ACT OF 1974 INFORM INDIVIDUALS THAT THEIR SOCIAL SECURITY NUMBER MAY BE FURNISHED TO THE DEPARTMENT OF SOCIAL SERVICES?
QUESTION NO. 3: MAY ONLY THE SOCIAL SECURITY NUMBER OF INDIVIDUALS SO ADVISED BE DISCLOSED TO THE DEPARTMENT OF SOCIAL SERVICES UPON REQUEST?
QUESTION NO. 4: MAY THE DEPARTMENT OF MOTOR VEHICLES FURNISH THE SOCIAL SECURITY NUMBER OF INDIVIDUALS TO LOCAL, STATE, AND FEDERAL LAW ENFORCEMENT AGENCIES, COUNTY ATTORNEYS AND THE SELECTIVE SERVICE?
No. A limited exception to the Federal CONCLUSION 2, 3 and 4: No, for the same reasons expressed in conclusion number 1.
Privacy Act exists for agencies empowered to promote the payment and collection of child support obligations. However, Neb.Rev.Stat. § 60-403 (Cum. Supp. 1986) prevents such disclosure by the Department of Motor Vehicles.
The Federal Privacy Act 5 U.S.C. § 552(b) prescribes the conditions under which an agency can disclose private information. It provides, in pertinent part, that "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, . . ."
The provision was drafted by Congress to respond to the concern that social security numbers could be used as universal identifiers and thus threaten personal privacy. 120 Cong. Rec. 31,812-13 (1974). The Act outlawed the new uses of social security numbers as a means of identifying individuals.
While enacting the Tax Reform Act of 1976 codified at42 U.S.C. § 405(C)(2)(c), Congress relaxed the privacy act provisions somewhat by allowing state and local governments to use social security numbers in the administration of any tax law to verify an individual's identity. The same act also allowed state and local governments to use social security numbers to identify people in part of any general public assistance or welfare plan and in the administration of motor vehicle laws (i.e. driver's licenses and motor vehicle registration). Clause (iii) of the section provides an additional exception, allowing an agency charged with the administration of driver's license, motor vehicle registration and "general public assistance" to respond "to requests for information from an agency operating pursuant to the provisions of part A or D of subchapter IV of this chapter." Part D of subchapter IV are federal acts designed to enhance the abilities of governmental units in enforcing child support legislation.
Federal legislation clearly makes limited use of social security numbers by state governments permissible. That same year our state passed legislation designed to enhance child support enforcement. As amended November 16, 1985, Neb.Rev.Stat. § 42-358.08 (Cum. Supp. 1986) provides:
Notwithstanding any other provision of law regarding the confidentiality of records and when not prohibited by the federal Privacy Act of 1974, Public Law 93-579, as amended, each department and agency of state, county, and city government shall, upon request, furnish to any court-appointed individuals, the county attorney, any authorized attorney, or the Department of Social Services an absent parent's address, social security number, amount of income, and employer's name and address for the exclusive purpose of collecting child or spousal support. Information so obtained shall be used for no other purpose. This statute indicates that the Department of Motor Vehicles, although not named specifically but as a state agency, is required to furnish the requested information to the Department of Social Services.
However, effective July 17, 1986, the Legislature directly addressed the use of social security numbers by the Department of Motor Vehicles in passing Neb.Rev.Stat. § 60-403 (Cum. Supp. 1986). This law authorizes the Department to require the disclosure of social security numbers on the driver's license application, yet plainly states ". . . except that such social security number shall not be printed on the operator's license and shall be used only with the permission of the director in connection with the verification of the status of an individual's driving record in this state or any other state, . . ." (Emphasis added.) It is impossible to harmonize § 42-358.08 with § 60-403.
A legislative act which is complete in itself to the extent it is in conflict with a prior law repeals the prior law by implication. American Federation of State, County and Municipal Emp., AFL-CIO v. Lancaster County, 200 Neb. 301,263 N.W.2d 471 (1978). The later statute in point of time, in this case § 60-403, is controlling.
Although repeals by implication are not favored, they will be adopted where made necessary by unavoidable repugnancy and evident intent of the Legislature. State v. Roth, 222 Neb. 119, 382 N.W.2d 348 (1986), and Sarpy County Public Employees Ass'n v. Sarpy County, 220 Neb. 431,370 N.W.2d 495 (1985). The legislative intent of §60-403 was clearly expressed in comments by the bill's introducer. Regarding utilization of social security numbers by the Department of Motor Vehicles he stated, "But when it's to identify and make convenient the tracking of people I'm opposed to it." Hearings on LB 878 before Government, Military and Veterans' Affairs Committee, 89th Legislature, 2d Session (1986).
Therefore, we conclude that the Department of Social Services' attempt to track parents delinquent in child support obligations by use of social security numbers in the Department of Motor Vehicles' records is prohibited by § 60-403. However, Social Services, pursuant to § 42-358.08, may request the information from other state agencies subject to the requirements of the Federal Privacy Act of 1974.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General