STATE OF NEBRASKA EX REL. THOMAS J. GARVEY,
PUBLIC DEFENDER OF SARPY COUNTY, NEBRASKA, APPELLEE, V.
COUNTY BOARD OF COMMISSIONERS OF SARPY COUNTY,
NEBRASKA, APPELLANT.

573 N.W. 2d 747

Filed January 2, 1998.   No. S-97-148.

Michael L. Munch, Sarpy County Attorney, and Michael A. Smith for appellant.

Eugene L. Hillman and Patricia McCormack, of McCormack, Cooney, Hillman & Elder, for appellee.

Dennis R. Keefe for amici curiae Nebraska Criminal Defense Attorneys Association, National Association of Criminal Defense Lawyers, National Legal Aid & Defender Association, Lancaster County Public Defender, and Douglas County Public Defender.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

CONNOLLY, J.

This appeal presents the question, How much discretion does a county board have in reducing or disapproving a public defender's budget request? The elected public defender of Sarpy County brought an action seeking a writ of mandamus after his budget request seeking appropriations for additional staff was reduced by the Sarpy County Board of Commissioners. The district court for Sarpy County granted the writ of mandamus, and the county board appeals. We conclude that the instant case is controlled by our decision in *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985), in which we determined that a specific statute similar to Neb. Rev. Stat. § 23-3403 (Reissue 1991), the statute applicable to the public defender, acted to transfer the authority to set salaries to the county board. Accordingly, because we conclude that § 23-3403 transfers the authority to set the salaries of assistants of the public defender to the county board, a writ of mandamus is inappropriate in the instant case, and we reverse.

## BACKGROUND

Thomas J. Garvey, the appellee in this case, is the elected public defender of Sarpy County. The appellant is the Sarpy County Board of Commissioners. As part of the annual budget process, Garvey submitted budget request forms that were ultimately forwarded to the county board. In his request, Garvey asked for an increase from $173,862 for fiscal year 1996 to

$251,087.20 for fiscal year 1997, an increase of approximately 44 percent. Garvey justified the increase because of the need to hire both an additional full-time and an additional part-time deputy public defender, to hire an additional secretary, and to provide for a 4-percent salary increase for the remaining deputy public defenders.

As a continuing part of the budget process, Garvey next appeared at a hearing before the county board's budget committee where he provided information regarding caseloads and his need for additional personnel. Garvey stated that additional personnel were necessary because, due to the explosive population growth of Sarpy County, two additional judges had been appointed for that area. As a result of the new judges, Garvey stated that he needed to have an attorney for each of the new courtrooms in order to carry out his duties. Garvey also provided the county board with documents showing an estimated increase in caseloads.

Following a review of the budget request documents provided by Garvey and a comparison of those documents with the Sarpy County Attorney's budget request, the committee reduced Garvey's request. However, the committee did provide Garvey with an increase of approximately 13 percent by providing Garvey with an additional $15,000 for a part-time deputy public defender and $8,000 to pay for additional administrative help. Part of the committee's reasoning in reducing Garvey's request was that the Sarpy County Attorney's budget request indicated that while he did anticipate an increase in caseloads due to the appointment of two new judges, he did not anticipate that those increases would require additional staff.

After being informed of the changes to his budget request, Garvey asked to appear before the budget committee. At this meeting, Garvey repeated the information he had previously provided to the committee and did not provide any new information. The committee did not change its decision. A public hearing regarding the 1997 budget was subsequently held by the entire county board. Garvey did not appear at the public hearing, nor did he appear at the county board meeting in which the budget was adopted. Several days following the adoption of the budget, Garvey filed a mandamus action with the district court.

At the bench trial, both the fiscal administrator for Sarpy County and Garvey testified that Garvey hired the minimum amount of attorneys necessary to run his office and that the office was handling a caseload per attorney in excess of national standards. The record reflects that the Sarpy County Attorney's office did not anticipate the need for more personnel due to the addition of the two new judges. However, Garvey testified that the county attorney's office had more staff than the office of the public defender and presented evidence indicating that the county attorney might not require additional staff for this reason. Garvey further testified that he would not be able to provide public defenders to represent defendants in the two new courtrooms if he did not have additional personnel and that if additional public defenders were not hired, it would be difficult or impracticable for the courts to rearrange schedules in order to ensure that the public defender's clients were represented.

The county board provided testimony indicating that Garvey could ask for additional appropriations at a later date pursuant to Neb. Rev. Stat. § 23-918 (Cum. Supp. 1996). However, Garvey testified that such a process would not work well for hiring people because he would have to return to the county board every month to request salaries for his staff. Garvey had gone ahead and hired an additional attorney and would run out of funds to pay him in February 1997. It was unclear from the testimony how the county board decided on the amount it did appropriate to Garvey's office, although some testimony indicated that the county board appropriated funds for enough assistant public defenders to cover each courtroom on a part-time basis. The county board did not introduce evidence to show that Garvey's request was unreasonable.

Following trial, the district court determined that the rationale used by this court in *Bass v. County of Saline*, 171 Neb. 538, 106 N.W.2d 860 (1960), applied, and, therefore, because the expenses and salaries set by Garvey for additional personnel were not unreasonable, arbitrary, or capricious, the county board was without authority to disapprove Garvey's budget request. Thus, the district court determined that judgment for a writ of mandamus should be entered, directing the county board to approve Garvey's budget to fully fund the office of the pub-

lic defender and to include funds for the additional personnel Garvey had requested. The court also ordered the county board to pay costs and attorney fees.

## ASSIGNMENTS OF ERROR

The county board asserts that the district court erred in (1) finding that a writ of mandamus was the proper remedy in the case; (2) finding that Garvey did not have an adequate remedy at law; (3) finding that under the facts, the county board had a duty to approve Garvey's budget request; (4) finding that Garvey clearly and conclusively showed that his action was not arbitrary, capricious, or unreasonable and that he was entitled to the relief requested; (5) finding that Garvey showed that the county board acted in an arbitrary, capricious, and unreasonable manner in the action concerning Garvey's budget request; and (6) finding that the application of the Sixth Amendment to the U.S. Constitution required the county board to fund the public defender at the level requested.

## STANDARD OF REVIEW

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Four R Cattle Co. v. Mullins, ante* p. 133, 570 N.W.2d 813 (1997); *Richardson v. Mast*, 252 Neb. 114, 560 N.W.2d 488 (1997).

Interpretation of a statute presents a question of law. *Pig Pro Nonstock Co-Op v. Moore, ante* p. 72, 568 N.W.2d 217 (1997). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997); *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997).

## ANALYSIS

The case most commonly cited when dealing with the setting of salaries for county officials is *Bass v. County of Saline, supra.* In *Bass*, a county judge set the salary for the clerk of the county court at $225 per month and the county board reduced this figure to $190. It was not disputed that the clerk was competent and efficient and that her services were worth $225. This court examined the language of Neb. Rev. Stat. § 23-1111 (Reissue 1991) and noted a conflict between the ability of the official and the county board to set salaries.

Section 23-1111 states: "The county officers in all counties shall have the necessary clerks and assistants for such periods and at such salaries as they may determine with the approval of the county board, whose salaries shall be paid out of the general fund of the county."

Section 23-1111 provides that a county officer shall have the necessary clerks, with salaries determined by the officer. However, this authority is subject to the approval of the county board.

We stated that the amount of work involved in the rendering of services and the value of compensation for those services are matters particularly within the knowledge of the county official. *Bass v. County of Saline*, 171 Neb. 538, 106 N.W.2d 860 (1960), citing *State, ex rel. Johnson, v. Tilley*, 137 Neb. 173, 288 N.W. 521 (1939). We determined that while the statutory language regarding the approval of the county board limited the authority of the officer in setting salaries, the limitation certainly did not mean that the county board could arbitrarily ignore the salary as fixed by the official. This court stated that to hold otherwise would vest the county board with full power to fix salaries contrary to the express intent of the Legislature and would render nugatory the provision of § 23-1111, granting the ability to fix salaries to the county official. Accordingly, we interpreted § 23-1111 to mean that a county board could not act arbitrarily, capriciously, or unreasonably in approving the salary of the clerk of the county court. We further held that "[i]n the absence of evidence that the salary fixed by the county judge is unreasonable, capricious, or arbitrary, the county board is without authority to disapprove it." *Bass v. County of Saline*, 171 Neb. at 543, 106 N.W.2d at 864.

We have also said it is clear that § 23-1111, requiring the approval of salaries by the county board, does not allow the county board to arbitrarily reduce the salaries recommended by the elected officer. *Meyer v. Colin*, 204 Neb. 96, 281 N.W.2d 737 (1979), citing *Bass v. County of Saline, supra*. Such an issue relates to the independence and discretion which are to be afforded an elected officer. *Id.* Likewise, the power of the county board to reduce requests submitted by the various offices, which power is provided in Neb. Rev. Stat. § 23-908

(Reissue 1991), does not give the county board the authority to budget a particular office out of existence or to unduly hinder the officer in the conduct of his duties. *Meyer v. Colin, supra.*

The county board contends that the district court wrongly applied the rationale of *Bass* to this case. The county board argues that because there are differences in language between § 23-1111, the statute this court examined in *Bass,* and § 23-3403, the statute which applies to public defenders, the county board has greater discretion to reduce or disapprove the salary request of the public defender than it has with other county officials, which are covered by the statutory sections examined in *Bass.*

Section 23-3403 states:

> The public defender may appoint as many assistant public defenders, who shall be attorneys licensed to practice law in this state, secretaries, law clerks, investigators, and other employees as are reasonably necessary to permit him or her to effectively and competently represent the clients of the office subject to the approval and consent of the county board which shall fix the compensation of all such persons as well as the budget for office space, furniture, furnishings, fixtures, supplies, law books, court costs, and brief-printing, investigative, expert, travel, and other miscellaneous expenses reasonably necessary to enable the public defender to effectively and competently represent the clients of the office.

The county board points to differences between the language of §§ 23-1111 and 23-3403 to argue that the county board has greater discretion to disapprove the salary requests of the public defender. Specifically, the statute in *Bass v. County of Saline,* 171 Neb. 538, 106 N.W.2d 860 (1960), allowed an official to set salaries with the approval of the county board, while § 23-3403 requires the "approval and consent" of the county board. The county board contends that the addition of the word "consent" and language allowing the county board to "fix" salaries gives the county board greater discretion to reduce salaries in the instant case. Garvey contends that *Bass* applies to this case, and thus, the county board must approve his salary request because it was not unreasonable, arbitrary, or capricious.

Neither party, however, addresses how our decision in *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985), should apply to the instant case. We believe that *Sarpy Co. Pub. Emp. Assn.* is helpful to our analysis. In *Sarpy Co. Pub. Emp. Assn.*, we examined the question of who among various elected county officials and the county board itself was the employer of the official's employees for purposes of collective bargaining. In deciding the issue, we determined that the entity authorized to set the employees' salaries was the appropriate party to speak on behalf of the county board in collective bargaining because the person who sets salaries, by implication, also sets working conditions for the employees. Accordingly, we determined that under our holding in *Bass*, absent a specific statute to the contrary, elected officials were the appropriate people to speak on behalf of the county board in the collective bargaining process because under § 23-1111, such officials were free to set salaries, subject only to the approval of the county board. However, we also stated that in the case of the county assessor, the authority to set salaries had been transferred to the county board by a specific statute.

A basic rule of statutory construction is that if there is a conflict between two statutes on the same subject matter, the special provisions of a statute prevail over the general provisions in the same or other statutes. *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994); *AMISUB v. Board of Cty. Comrs. of Douglas Cty.*, 244 Neb. 657, 508 N.W.2d 827 (1993).

Neb. Rev. Stat. § 77-401.01 (Reissue 1981), the statute applying to the county assessor, has since been repealed. The statute stated:

> The county assessor with the consent of the county board, may appoint, without reference to precinct lines, a deputy and such assistants as may be necessary to enable him to properly discharge the duties of his office. The salary of the deputy and assistants of the county assessor shall be fixed by the county board unless otherwise fixed by law.

In the instant case, § 77-401.01 examined in *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy, supra*, is like § 23-3403 in that both are specific statutes dealing with county officeholders.

Thus, although *Sarpy Co. Pub. Emp. Assn.* did not provide a specific analysis of the issue, we held that a statute with language similar to § 23-3403 acted to transfer the authority to set salaries from the elected official to the county board. Section 23-3403 specifically deals with public defenders. Therefore, § 23-3403 controls, and our determination is made under § 23-3403 and not under § 23-1111, which applies generally to county officers. Like § 77-401.01, § 23-3403 specifically provides that it is the county board that shall fix the compensation of the assistants and secretaries of that specific office. Accordingly, the county board has greater discretion under the provisions of § 23-3403 to reduce Garvey's budget request than it would have with other county officials under § 23-1111.

Having determined that the county board has the ability to set salaries for the public defender's office under § 23-3403, we now address whether mandamus is appropriate. In *State ex rel. Wal-Mart v. Kortum*, 251 Neb. 805, 559 N.W.2d 496 (1997), we held that mandamus is a law action. It is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear legal right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law.

We conclude there is no clear duty imposed by law on the county board to accept Garvey's budget request. Therefore, a writ of mandamus is not appropriate. In light of our decision, we do not reach the county board's other assignments of error.

## CONCLUSION

Section 23-3403 is a specific statute. Under our previous decision in *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985), the provisions of § 23-3403 control over those found in § 23-1111. Accordingly, the ability to set salaries for assistants of the public defender has been transferred to the county board, making a writ of mandamus inappropriate. The decision of the district court is reversed.

REVERSED.

McCORMACK, J., not participating.